**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

**HAYWARD PLLC**
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adversary Proceeding No. |
| vs. | § § § | 21-03007-sgj |
| HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), | § § § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND .......................................................................................................... 3

    A.   The HCRE Demand Notes ............................................................................................ 3

    B.   HCRE's Defaults Under Each Demand Note ............................................................ 4

    C.   The HCRE Term Note .................................................................................................. 5

    D.   HCRE's Default Under the Term Note ...................................................................... 7

    E.   THE DEBTOR COMMENCES THIS ADVERSARY PROCEEDING ............................ 7

    F.   HCRE AND MR. DONDERO FILE THEIR ANSWERS ................................................ 8

    G.   DISCOVERY IS TAKEN IN CONNECTION WITH MR. DONDERO'S
          AFFIRMATIVE DEFENSE ............................................................................................ 10

ARGUMENT ................................................................................................................................... 10

    A.   Legal Standard ............................................................................................................ 10

    B.   Leave to Amend is Not Warranted Under Rule 15 ................................................. 10

        1.   The Proposed Amendments are Futile ............................................................. 10

            i.  HCRE Fails to Adequately Plead Proposed Amendments .......................... 10

            ii. HCRE's Proposed Amendments Lack Merit .............................................. 11

        2.   The Proposed Amendments are Proffered in Bad Faith ................................ 14

        3.   The Proposed Amendments Would Cause Prejudice to the Debtor ............ 14

CONCLUSION ................................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page No.**

### CASES

*Gonzales v. Columbia Hosp. at Med. City Dallas Subsidiary LP.*,
   207 F. Supp. 2d 570 (N.D. Tex. 2002) ............................................................... 12, 13
*Heritage Resources, Inc. v. NationsBank*,
   939 S.W.2d 118 (Tex.1996) ..................................................................................... 12
*In re Heritage Organization, L.L.C.*,
   354 B.R. 407 (Bankr. N.D. Tex. 2006) ............................................................... 12, 14
*Klein v. Fed. Ins. Co.*,
   No. 7:03-CV-102-D, 2014 WL 4476556 (N.D. Tex. Sept. 11, 2014) ...................... 11
Mayeaux v. La. Health Serv. & Indem. Co.,
   376 F.3d 420 (5th Cir.2004) .................................................................................... 15
*REO Indus., Inc. v. Nat. Gas Pipeline Co. of Am.*,
   932 F.2d 447 (5th Cir. 1991) ................................................................................... 13
*Sabre, Inc. v. Lyn-Lea Travel Corp.*,
   No. CIV.A. 3:96-CV-2068R, 2003 WL 21339291 (N.D. Tex. June 5, 2003) .......... 11
*Smith v. EMC Corp.*,
   393 F.3d 590 (5th Cir. 2004) ................................................................................... 15
*Wimm v. Jack Eckerd Corp.*,
   3 F.3d 137 (5th Cir. 1993) ................................................................................. 10, 11
*Woodfield v. Bowman*,
   193 F.3d 354 (5th Cir. 1999) ................................................................................... 11

### RULES

Fed. R. Civ. P. 15 ............................................................................................................ 11
Fed. R. Civ. P. 15(a) ...................................................................................................... 10
Fed. R. Civ. P. 26 ............................................................................................................ 10
Fed. R. Civ. P. 8 .............................................................................................................. 11

## DEBTOR'S OPPOSITION TO MOTION FOR LEAVE
## TO FILE AMENDED ANSWER

Highland Capital Management, L.P., the debtor and debtor-in-possession (the "Debtor" or "HCMLP") in the above-captioned chapter 11 case ("Bankruptcy Case") and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") hereby opposes (the "Opposition") the *Motion for Leave to File Amended Answer and Brief in Support* [Docket No. 16][1] (the "Motion"), filed by HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("HCRE" or "Defendant").  In support of its Opposition, the Debtor states as follows.

## INTRODUCTION

1. Prior to the Petition Date, James Dondero ("Mr. Dondero") used HCMLP to finance other entities directly or indirectly owned and/or controlled by him, including HCRE. In the five-year period prior to the Petition Date, Mr. Dondero and those working at his direction caused HCMLP to make approximately two dozen loans to HCRE in the aggregate principal amount of more than $10 million.

2. The Debtor commenced the instant Adversary Proceeding because HCRE breached its obligations under the promissory notes HCRE executed in favor of HCMLP. The Debtor also commenced a similar proceeding against Mr. Dondero and certain of his related entities bringing the same claims for relief, but under different notes.

3. In the instant Motion, filed approximately four months after the commencement of the Adversary Proceeding, HCRE seeks to add two affirmative defenses to its answer, namely, that (i) the Debtor agreed not to collect on the notes upon the fulfillment of some unidentified "conditions subsequent," and (ii) the notes are "ambiguous." These are the exact

---

[1] Refers to the docket maintained in the Adversary Proceeding.

same two affirmative defenses that Mr. Dondero belatedly included in his amended answer just days before HCRE filed the Motion.

4. Although HCRE claims that it recently learned of these new defenses "in connection with its investigation into the allegations," substantial grounds exist to deny the Motion.

5. *First*, the proposed defenses are futile for a number of independent reasons. HCRE fails to sufficiently plead the two proposed defenses with particularity under Rule 8 of the Federal Rules of Civil Procedure and thus fails to give the Debtor fair notice of the grounds for each defense. HCRE's defense premised on ambiguity also fails as a matter of law because the notes are clear and unambiguous on their face. For these same reasons, HCRE's proposed new defense that the Debtor agreed to forego collection on the notes upon some unidentified "conditions subsequent" is equally frivolous. The notes unconditionally require payment upon the Debtor's demand, and do not provide for any conditions subsequent. In any event, the proposed defenses are undermined by the fact that HCRE partially performed—a fact that cannot be reconciled with HCRE's proposed defenses.

6. *Second*, the whole premise for the Motion is false because the proposed amendment does not arise from some earnest, good-faith "investigation." Rather, HCRE simply followed in Mr. Dondero's footsteps, adopting verbatim his strategy and amended defenses. HCRE otherwise fails to offer any credible justification for adding these two defenses.

7. *Finally*, permitting the two additional defenses would prejudice the Debtor because (a) it has already begun engaging in discovery, (b) the deadline for serving written discovery has already passed. If the new defenses are permitted at this stage, this proceeding will undoubtedly be delayed to the substantial prejudice of the Debtor and its creditors.

      8.      For the following reasons, the Motion should be denied in its entirety.

## FACTUAL BACKGROUND

**A.**     **The HCRE Demand Notes**

      9.      HCRE is the maker under a series of demand notes in favor of the Debtor. These demand notes were "insider" loans between companies directly or indirectly owned and/or controlled by Mr. Dondero. *See* **Exhibit 1**[2] **at Art. III**.

      10.      Specifically, on November 27, 2013, HCRE executed a demand note in favor of the Debtor, as payee, in the original principal amount of $100,000 ("HCRE's First Demand Note"). A true and correct copy of HCRE's First Demand Note is attached hereto as **Exhibit 2**.

      11.      On October 12, 2017, HCRE executed a demand note in favor of the Debtor, as payee, in the original principal amount of $2,500,000 ("HCRE's Second Demand Note"). A true and correct copy of HCRE's Second Demand Note is attached hereto as **Exhibit 3.**

      12.      On October 15, 2018, HCRE executed a demand note in favor of the Debtor, as payee, in the original principal amount of $750,000 ("HCRE's Third Demand Note"). A true and correct copy of HCRE's Third Demand Note is attached hereto as **Exhibit 4.**

      13.      On September 25, 2019, HCRE executed a demand note in favor of the Debtor, as payee, in the original principal amount of $900,000 ("HCRE's Fourth Demand Note," and collectively, with HCRE's First Demand Note, HCRE's Second Demand Note, and HCRE's Third Demand Note, the "Demand Notes"). A true and correct copy of HCRE's Fourth Demand Note is attached hereto as **Exhibit 5.**

---

[2] Refers to the exhibits attached to the *Declaration of John A. Morris in Support of the Debtor's Opposition to Motion For Leave to File Amended Answer* (the "Morris Dec.") being filed concurrently with this Opposition.

14. Section 2 of the Demand Notes provides: "**Payment of Principal and Interest**. The accrued interest and principal of this Note shall be due and payable on demand of the Payee."

15. Section 4 of the Demand Notes provides:

> **Acceleration Upon Default**. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of the Payee in exercising any right, power, or privilege hereunder shall operate as a waiver hereof.

16. Section 6 of the Demand Notes provides:

> **Attorneys' Fees**. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

B.  **HCRE's Defaults under Each Demand Note**

17. By letter dated December 3, 2020, the Debtor made demand on HCRE for payment of the Demand Note Repayment Amount by December 11, 2020 (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit 6**. The Demand Letter provides:

> By this letter, Payee is demanding payment of the accrued interest and principal due and payable on the Notes in the aggregate amount of $5,012,260.96, which represents all accrued interest and principal through and including December 11, 2020.
>
> **Payment is due on December 11, 2020, and failure to make payment in full on such date will constitute an event of default under the Notes.**

Demand Letter (emphasis in the original).

18. Despite the Debtor's demand, HCRE did not pay all or any portion of the amount demanded by the Debtor on December 11, 2020, or at any time thereafter.

19. As of December 11, 2020, there was an outstanding principal amount of $171,542 on HCRE's First Demand Note and accrued but unpaid interest in the amount of $526.10, resulting in a total outstanding amount as of that date of $172,068.10.

20. As of December 11, 2020, there was an outstanding principal balance of $3,149,919.12 on HCRE's Second Demand Note and accrued but unpaid interest in the amount of $41,423.60, resulting in a total outstanding amount as of that date of $3,191,342.72.

21. As of December 11, 2020, there was an outstanding principal balance of $874,977.53 on HCRE's Third Demand Note and accrued but unpaid interest in the amount of $10,931.23, resulting in a total outstanding amount as of that date of $885,908.76.

22. As of December 11, 2020, there was an outstanding principal balance of $750,279.14 on HCRE's Fourth Demand Note and accrued but unpaid interest in the amount of $12,662.24, resulting in a total outstanding amount as of that date of $762,941.38.

23. Thus, as of December 11, 2020, the total outstanding principal and accrued but unpaid interest due under the Demand Notes was $5,012,260.96.

24. Pursuant to Section 4 of each Demand Note, each Demand Note is in default, and is currently due and payable.

**C.    The HCRE Term Note**

25. HCRE is the maker under a term note in favor of the Debtor.

26. Specifically, on May 31, 2017, HCRE executed a term note in favor of the Debtor, as payee, in the original principal amount of $6,059,831 (the "Term Note," and together with the Demand Notes, the "Notes"). A true and correct copy of the Term Note is attached hereto as **Exhibit 7**.

5

27. Section 2 of the Term Note provides: "**Payment of Principal and Interest**.

Principal and interest under this Note shall be due and payable as follows:

**2.1** **Annual Payment Dates.** During the term of this Note, Borrower shall pay the outstanding principal amount of the Note (and all unpaid accrued interest through the date of each such payment) in thirty (30) equal annual payments (the "**Annual Installment**") until the Note is paid in full. Borrower shall pay the Annual Installment on the 31st day of December of each calendar year during the term of this Note, commencing on the first such date to occur after the date of execution of this note.

**2.2** **Final Payment Date**. The final payment in the aggregate amount of the then outstanding and unpaid Note, together with all accrued and unpaid interest thereon, shall become immediately due and payable in full on December 31, 2047 (the "**Maturity Date**").

28. Section 3 of the Term Note provides:

**Prepayment Allowed: Renegotiation Discretionary**. Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

29. Section 4 of the Term Note provides:

**Acceleration Upon Default**. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of the Payee in exercising any right, power, or privilege hereunder shall operate as a waiver hereof.

30. Section 6 of the Term Note provides:

**Attorneys' Fees**. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

### D. HCRE's Default under the Term Note

31. HCRE failed to make the payment due under the Term Note on December 31, 2020.

32. By letter dated January 7, 2021, the Debtor made demand on HCRE for immediate payment under the Term Note (the "Second Demand Letter"). A true and correct copy of the Second Demand Letter is attached hereto as **Exhibit 8**. The Demand Letter provides:

> Because of Maker's failure to pay, the Note is in default. Pursuant to Section 4 of the Note, all principal, interest, and any other amounts due on the Note are immediately due and payable. The amount due and payable on the Note as of January 8, 2021 is $6,145,466.84; however, interest continues to accrue under the Note.
>
> **The Term Note is in default, and payment is due immediately.**

Second Demand Letter (emphasis in the original).

33. Despite the Debtor's demands, HCRE did not pay the amount demanded by the debtor on January 7, 2021, or at any time thereafter.

34. As of January 8, 2021, the total outstanding principal and accrued but unpaid interest under the Term Note was 6,145,466.84.

35. Pursuant to Section 4 of the Term Note, the Term Note is in default, and is currently due and payable.

### E. The Debtor Commences this Adversary Proceeding

36. On January 22, 2021, the Debtor commenced this Adversary Proceeding to collect on the amounts due under the Notes by filing its *Complaint for (I) Breach of Contract and (ii) Turnover of Property of the Debtor's Estate* [Docket No. 1] (the "Complaint"). **Exhibit 9**. In its Complaint the Debtor seeks (a) damages from HCRE in an amount equal to (i) the aggregate outstanding principal due under the Notes, plus (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) an amount equal to the Debtor's costs of collection (including all

7

court costs and reasonable attorneys' fees and expenses, as provided for in the notes) for HCRE's breach of its obligations under the Notes, and (b) turnover by HCRE to the Debtor of the foregoing amounts.

37. On March 11, 2021, the parties filed a *Stipulation and Proposed Scheduling Order* [Docket No. 8] setting forth a proposed joint scheduling order in lieu of the Alternative Scheduling Order issued by the Court.  On March 16, 2021, the Court entered its *Order Approving Stipulation Regarding Scheduling Order* [Docket No. 10] (the "Scheduling Order").

38. Under the Scheduling Order, the deadline to serve discovery requests was May 31, 2021, and responses are due on July 5, 2021.  Fact discovery closes on July 26, 2021, and dispositive motions must be filed by September 6, 2021.

39. Also on January 22, 2021, the Debtor commenced an adversary proceeding against Mr. Dondero, similarly arising from a breach of a series of demand promissory notes, and asserting the same claims. [*See* Adv. Proc. 21-3003] (the "Dondero Proceeding") [Docket No. 1] (the "Dondero Complaint).  The two proceedings largely mirror each other, except with respect to the specific notes at issue.[3]

**F.    HCRE and Mr. Dondero File Their Answers**

40. On March 3, 2021, HCRE filed its *Answer to the Complaint* [Docket No. 7] (the "Answer"), attached hereto as **Exhibit 10**.  In its Answer, HCRE asserted four affirmative defenses: (i) the Debtor's claims are barred in whole or in part by the doctrine of justification

---

[3] The Debtor also commenced three other adversary proceedings against other affiliates of Mr. Dondero to collect on insider loans.  *See* Adv. Pro. 21-03004 (against Highland Capital Management Fund Advisors, L.P.); Adv. Pro. 21-03005 (against NexPoint Advisors, L.P.); and Adv. Pro. 21-03007 (against HCRE Partners, LLC).  In all, the Debtor seeks to recover tens of millions of dollars that Mr. Dondero caused to be loaned by HCMLP to himself and entities owned and/or controlled by him in the years leading up to the petition date.

8

and/or repudiation; (ii) waiver; (iii) estoppel; and (iv) the Debtor's claims are barred in whole or in part by the doctrines of offset and/or setoff.  *See id.* ¶¶ 55-58.

41.     Roughly two weeks later, on March 16, 2021, Mr. Dondero filed his *Original Answer* in the Dondero Proceeding [Docket No. 6] (the "Dondero Answer").  **Exhibit 11**. In his Answer, Mr. Dondero asserted four affirmative defenses: (i) "Plaintiff's claims should be barred because it was previously agreed by Plaintiff that Plaintiff would not collect on the Notes," (ii) waiver, (iii) estoppel, and (iv) "Plaintiff's claims may be barred, in whole or in part, due to failure of consideration."  *Id*. ¶¶ 40-43.

42.     On April 6, 2021, Mr. Dondero filed his *Amended Answer* [Dondero Proceeding Docket No. 16] ("Dondero's Amended Answer").  **Exhibit 12**.  In Dondero's Amended Answer, Mr. Dondero added, in pertinent part, the following two affirmative defenses: (i) "Plaintiff's claims should be barred because prior to the demands for payment Plaintiff agreed that it would not collect on the Notes upon fulfillment of conditions subsequent," *id.* ¶ 40, (ii) "each Note is ambiguous," *id.* ¶ 45 (together, "Dondero's Defenses").

43.     About two weeks later, on April 21, 2021, HCRE asked the Debtor if it would consent to the amendment of the HCRE answer.  On April 25, 2021, after learning that the proffered defenses were the exact same specious defenses included in Dondero's Amended Answer, the Debtor refused to consent.  **Exhibit 13**.

44.     On May 10, 2021, HCRE filed the instant Motion seeking to assert Dondero's Defenses.[4]  Motion, Exhibit A ¶¶ 58, 59 (together, the "Proposed Amendments").  In

---

[4] Because HCRE's defenses are exactly the same as Mr. Dondero's, HCRE will provide the same fact discovery to support its defenses as were provided by Mr. Dondero.  At his deposition, Mr. Dondero testified in support of his defense that: (a) his sister, Nancy Dondero, acting as the Trustee of the Dugaboy Investment Trust, the holder of a majority of the Debtor's Class A interests, entered into the Amended Agreement on behalf of the Debtor, **Exhibit 14** at 173:6-25-174:2-25, (b) the Amended Agreement was "verbally" entered into, *id.* at 154:2-23, (c) he was unaware of any documentation memorializing the Amended Agreement, *id.* at 179:2-25-180:2-25, (d) he did not recall informing Frank Waterhouse, HCMLP's Chief Financial Officer, or any other HCMLP employee of the Amended

9

support of its Motion, HCRE principally contends that it discovered these new defenses "in connection with its investigation and preparation for written discovery in connection with its defense of the case." *Id.* ¶ 8.

## ARGUMENT

### A. Legal Standard

45. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." *Fed. R. Civ. P. 15(a).* "However, it is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). "There is a substantial reason to deny leave to amend if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile." *Sabre, Inc. v. Lyn-Lea Travel Corp.*, No. CIV.A. 3:96-CV-2068R, 2003 WL 21339291, at *4 (N.D. Tex. June 5, 2003); *see also Wimm*, 3 F.3d at 139 (same). "Whether leave to amend should be granted is entrusted to the sound discretion of the [trial] court." *Wimm, 3 F.3d at 139.*

### B. Leave to Amend is Not Warranted Under Rule 15

#### 1. The Proposed Amendments are Futile

46. The amendments are futile for a number of reasons.

##### i. HCRE Fails to Adequately Plead Proposed Amendments

47. HCRE fails to adequately plead its Proposed Amendments. "An affirmative defense is subject to the same pleading requirements as is the complaint" *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (citing Fed. R. Civ. P. 8)). Thus, "a defendant must plead an affirmative defense with enough specificity or factual particularity to give

---

Agreement, *id*. at 218:22-25-219:2-25, and (e) he did not disclose the Amended Agreement to HCMLP's independent outside auditors. *Id.* at 179:2-14.

10

the plaintiff 'fair notice' of the defense that is being advanced." *Id.; see also Klein v. Fed. Ins. Co.*, No. 7:03-CV-102-D, 2014 WL 4476556, at *5 (N.D. Tex. Sept. 11, 2014) (same).

48. Here, HCRE vaguely alleges that "prior to the demands for payment Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent, Motion ¶ 58, and that "each Note is ambiguous," *id.* ¶ 59. Such conclusory allegations are insufficient to satisfy pleading requirements under Rule 8. *See Woodfield*, 193 F.3d at 362 (defendant failed to plead affirmative defenses where "baldly" naming "broad affirmative defenses" of "accord and satisfaction" and "waiver" falls "well short of the minimum particulars needed to identify the affirmative defense in question and thus notice [plaintiff's] intention to rely on the specific, contractual defense"); *Klein*, 2014 WL 4476556, at *6 (finding defendant failed to plead affirmative defenses where "broad pleading" that "Plaintiffs' claims are or may be barred to the extent Plaintiffs …. have not fulfilled all conditions precedent and subsequent" did not comply with particularly requirements under federal rules). HCRE's proposed affirmative defenses are not adequately plead, and the Motion should be denied on that basis alone.[5]

### ii.     HCRE's Proposed Amendments Lack Merit

49. In addition to failing to adequately plead its proposed affirmative defenses, the defenses lack merit.

50. First, HCRE's proposed affirmative defense that "each Note is ambiguous" is without merit. "Ambiguity is a question of law for the Court to decide" *In re Heritage Organization, L.L.C.*, 354 B.R. 407, 429 (Bankr. N.D. Tex. 2006). "In determining whether an

---

[5] At a minimum, Defendant should be required to plead: (i) which specific provision of each Note is "ambiguous"; and (ii) the "conditions subsequent" referred to by Defendant; and (iii) who, on behalf of the Debtor, allegedly "agreed" that the Debtor would "not collect the Notes upon fulfilment" of such a "conditions subsequent." Indeed, such transparency is necessary to give the Debtor fair notice of Defendant's proposed affirmative defenses.

instrument is ambiguous, the Court is to "give terms their plain, ordinary, and generally accepted meaning unless the *instrument* shows that the parties used them in a different or technical sense.'" *Id.* (quoting *Heritage Res., Inc. v. NationsBank,* 939 S.W.2d 118, 121 (Tex.1996)) (emphasis in original). The question is whether the instrument itself can be given a certain or definite legal meaning or interpretation by the Court; the parties' views about the meaning of the note are not relevant to the Court's analysis. *See id.*; *Gonzales v. Columbia Hosp. at Med. City Dallas Subsidiary LP.*, 207 F. Supp. 2d 570, 574 (N.D. Tex. 2002) ("If the written instrument … is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law."). "The contract will not be found ambiguous merely because the parties have a disagreement as to its correct interpretation." *REO Indus., Inc. v. Nat. Gas Pipeline Co. of Am.*, 932 F.2d 447, 453 (5th Cir. 1991).

51. Here, there can be no credible defense premised on ambiguity. The material terms of each two-page Note are unambiguous and clear on their face. Section 2 of the Demand Notes plainly and expressly provides that "[t]he accrued and principal of [the] Note shall be due and payable on demand of Payee." **Exhibits 1-4 at § 2**. The Term Note expressly provides that "Borrower shall pay the outstanding principal amount of the Note (and all unpaid accrued interest through the date of each such payment) in thirty (30) equal annual payments (the "**Annual Installment**") until the Note is paid in full. Borrower shall pay the Annual Installment on the 31st day of December of each calendar year year[.]"**Exhibit 6 § 2.1**. Section 4 clearly and expressly provides that the failure to pay under the Note as it becomes due shall mature the principal of the Note and all interest then accrued. *Id.* **§ 4**. The Notes do not demonstrate any alternative meaning proscribed by the parties. The Notes should thus be ascribed their plain and ordinary meaning.

12

*See Gonzales,* 207 F. Supp. 2d at 574 (finding agreement at issue in breach of contract action "unambiguous" where "it is unmistakably clear" regarding purpose of provisions and "proverbial four corners of the agreement" created specific, clear, enforceable right to plaintiff). HCRE's conclusory assertion that the Notes are "ambiguous" is, therefore, without merit and not grounds to amend the Answer.

52. For these same reasons, HCRE's proposed affirmative defense that "the Debtor's ability to make demand on the Notes was subject to a condition subsequent that has not yet become unable to be met" is also futile. A condition subsequent is one that excuses an already binding agreement," however, "extrinsic evidence of a condition subsequent is not admissible to vary the terms of a valid and binding written agreement." *In re Heritage Org., L.L.C.*, 354 B.R. at 430 (internal quotations omitted). Here, the Notes unconditionally require payments thereunder either in annual installments or upon demand, and provide no contingencies for such payments. Accordingly, there is no external evidence that would establish Defendant's ability to avoid payment under the Notes based on any alleged "conditions subsequent." *See id.* (rejecting party's defense to claim of breach under promissory note based on "condition subsequent" where "the Note is clear and unambiguous in its terms, containing no contingencies or terms for adjustment of the principal amount of the Note in the future."). HCRE has not offered any credible basis that supports its allegations of a condition subsequent to repayment of the Notes.[6]

---

[6] Recent discovery taken in connection with this proposed affirmative defense further evidences its futility. For instance, when pressed on this same affirmative defense during his deposition, Mr. Dondero failed to offer any credible testimony in support thereof. *See* **Exhibit 14** at 154:2-23 (Mr. Dondero vaguely contending that the demand notes he executed were "amended verbally" in "January or February 2019," but that such an agreement was "not in writing"); **173:6-25-174:2-25** (stating that his sister, Nancy, on behalf of the Debtor, entered into the agreement not to collect on notes based on "conditions subsequent"); **178:2-25** (stating that "nobody participated in any of these conversations" other than Mr. Dondero and Nancy, and that the agreement to amend the notes was not "subject to any negotiation"); **179:2-25-180:2-25** (failing to identify any documentation or memorialization in connection with such an agreement to amend the notes).

13

53. Finally, there is no dispute that HCRE partially performed under the Notes, despite some recently discovered "ambiguity" or amendment to the Notes. HCRE paid approximately $2,284,732.52 in principal and interest on the Term Note prior to the filing of the Adversary Proceeding, *see* **Exhibit 15**, and, on September 30, 2019, prepaid approximately $206,000 on one of the Demand Notes, *see* **Exhibit 16**. It is thus not credible to assert that the Notes were conditioned on "conditions subsequent" when HCRE was willingly making payments on those Notes without the condition subsequent having been satisfied.

### 2. The Proposed Amendments Are Proffered in Bad Faith

54. HCRE vaguely contends that the Motion is not made in bad faith because "it determined additional defenses were applicable as it continued to investigate its defense of Plaintiff's allegations and prepare for discovery." Motion ¶ 9. This contention is demonstrably false. First, HCRE sought to add Dondero's Defenses almost immediately after Mr. Dondero asserted them. *See* **Exhibit 10** ¶¶ 40, 45, **Exhibit 11**. HCRE, an entity controlled and owned by Mr. Dondero, is simply following in his footsteps, using the same schemes and the same strategy. Second, HCRE offers no justification for why it took HCRE nearly four months to determine that the two-page Notes were ambiguous. HCRE otherwise provides no basis, factual or otherwise, for the alleged "conditions subsequent" defense or why HCMS would make payments under the Note prior to satisfaction of the condition subsequent. Each of the foregoing is an indication of HCRE's bad faith in filing the Motion.

### 3. The Proposed Amendments Would Cause Prejudice to the Debtor

55. The Proposed Amendments would also prejudice the Debtor. Fact discovery has already begun, and the deadline for serving written discovery has passed. A trial on this matter is also set for the week of November 15, 2021. Permitting the proposed amendments would force the Debtor to engage in additional discovery to explore these new proposed

14

affirmative defenses, and will delay the proceedings and the trial on the merits. *See Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (affirming denial of motion to amend where new theories of case would have caused "considerable delay and expense" for opposing party); *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 427 (5th Cir.2004) ("[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts [of appeals] are less likely to find an abuse of discretion due to the prejudice involved.") (internal quotations omitted). The HCRE Notes are a material asset of the Debtor's estate. Any delay in collecting on the Notes will delay distributions to the Debtor's creditors—creditors who in some instances have been waiting over a decade to be paid. There is no basis to further delay those distributions to allow HCRE to add new affirmative defenses, especially when those defenses are futile and there has been no excuse given for why it took HCRE nearly four months to "discover" those new defenses.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion in its entirety.

15

| | |
|---|---|
| Dated:  June 1, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>          ikharasch@pszjlaw.com<br>          jmorris@pszjlaw.com<br>          gdemo@pszjlaw.com<br>          hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |