Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant HCRE Partners, LLC*
*(n/k/a NexPoint Real Estate Partners, LLC)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | Adversary No.: 21-03007-sgj |
| **HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST** | § § § § § | |
| Defendants. | § | |

**DEFENDANT HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT**

Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("NREP"), defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland Capital Management, L.P. (the "Plaintiff"), hereby files this Answer (the "Answer") responding to the *Amended Complaint for (I) Breach of Contract and (II) Turnover of Property (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* [Adv. Dkt. 63] (the

"Amended Complaint"). Where an allegation in the Amended Complaint is not expressly admitted in this Amended Answer, it is denied.

In filing this Answer, Defendant NREP does not waive any rights to compel arbitration, as set forth in Defendants' Motion to Compel Arbitration [Adv. Dkt. 65], filed on September 1, 2021.[1]

## PRELIMINARY STATEMENT

1. The first sentence of paragraph 1 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2. Defendant NREP admits that NREP's First Amended Answer speaks for itself. To the extent paragraph 2 contradicts the First Amended Answer, it is denied.

3. Defendant NREP denies the allegations in paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied.

---

[1] *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995) (Defendant did not substantially invoke the judicial process and waive its right to arbitration despite removal of action to federal court, filing motion to dismiss, filing motion to stay proceedings, answering plaintiff's complaint, asserting counterclaim, and exchanging discovery); *Keytrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891 (5th Cir. 2005) (Arbitration not waived when defendant filed a 100-plus page motion for summary judgment and a concurrent motion to arbitrate); *Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002) (no waiver of arbitration right when the party seeking arbitration did no more than defend itself against the claims made against it).

5. Paragraph 5 of the Amended Complaint contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

6. Defendant NREP admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in paragraph 6 not expressly admitted are denied.

7. Defendant NREP admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in paragraph 7 not expressly admitted are denied.

8. Defendant NREP denies that a breach of contract claim is core. Defendant NREP denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. Defendant NREP admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*. Defendant NREP does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Any allegations in paragraph 8 not expressly admitted are denied.

9. Subject to the Defendants' Motion to Compel Arbitration, Defendant NREP admits paragraph 9 of the Amended Complaint.

## THE PARTIES

10. Defendant NREP admits the allegations in paragraph 10 of the Amended Complaint.

11. Defendant NREP admits the allegations in paragraph 11 of the Amended Complaint.

12. Defendant NREP admits that Defendant James Dondero was the President of the Debtor's General Partner, Strand Advisors, Inc. and the Debtor's CEO until his resignation on January 9, 2020. The third sentence of paragraph 12 asserts a legal conclusion to which no response is required. Defendant NREP denies any remaining allegations contained in paragraph 12.

13. Defendant NREP lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the same.

14. Defendant NREP lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

## CASE BACKGROUND

15. Defendant NREP admits the allegations in paragraph 15 of the Amended Complaint.

16. Defendant NREP admits the allegations in paragraph 16 of the Amended Complaint.

17. Defendant NREP admits the allegations in paragraph 17 of the Amended Complaint.

18. Defendant NREP admits the allegations in paragraph 18 of the Amended Complaint.

19. Defendant NREP admits the allegations in paragraph 19 of the Amended Complaint.

**STATEMENT OF FACTS**

20. Defendant NREP admits that it has executed at least one promissory note under which the Debtor is a payee. Any allegations in paragraph 20 note expressly admitted are denied.

21. Defendant NREP admits that it signed the document attached to the Amended Complaint as Exhibit 1. Defendant NREP denies any allegations in paragraph 21 that are not expressly admitted.

22. Defendant NREP admits that it signed the document attached to the Amended Complaint as Exhibit 2. Defendant NREP denies any allegations in paragraph 22 that are not expressly admitted.

23. Defendant NREP admits that it signed the document attached to the Amended Complaint as Exhibit 3. Defendant NREP denies any allegations in paragraph 23 that are not expressly admitted.

24. Defendant NREP admits that it signed the document attached to the Amended Complaint as Exhibit 4. Defendant NREP denies any allegations in paragraph 24 that are not expressly admitted.

25. Defendant NREP admits that Plaintiff correctly transcribed Section 2 of Exhibits 1-4 to the Amended Complaint in paragraph 25.

26. Defendant NREP admits that Plaintiff correctly transcribed Section 4 of Exhibits 1-4 to the Amended Complaint in paragraph 26.

27. Defendant NREP admits that Plaintiff correctly transcribed Section 6 of Exhibits 1-4 to the Amended Complaint in paragraph 27.

PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                                    PAGE 5
CORE/3522697.0002/169030070

28. Defendant NREP admits that Plaintiff sent it a copy of Exhibit 5. Defendant NREP admits that Plaintiff correctly transcribed an excerpt of Exhibit 5 in the third sentence of paragraph 28. Defendant NREP denies any allegations in paragraph 28 that are not expressly admitted.

29. To the extent paragraph 29 asserts a legal conclusion, no response is required, and it is denied. Defendant otherwise admits the allegations in paragraph 29.

30. Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 30 and, therefore, denies them.

31. Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 31 and, therefore, denies them.

32. Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 32 and, therefore, denies them.

33. Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 33 and, therefore, denies them.

34. Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 34 and, therefore, denies them.

35. Defendant NREP denies the allegations in paragraph 35 of the Amended Complaint.

36. Defendant NREP admits that it has executed at least one promissory note under which Debtor is the payee. Defendant NREP denies any allegations in paragraph 36 that are not expressly admitted.

37. Defendant NREP admits that it signed the document attached to the Complaint as Exhibit 6. Defendant NREP denies any allegations in paragraph 37 that are not expressly admitted.

38. Defendant NREP admits that Plaintiff correctly transcribed Section 2 of Exhibit 6 to the Amended Complaint in paragraph 38. Defendant NREP denies any allegations in paragraph 38 that are not expressly admitted.

39. Defendant NREP admits that Plaintiff correctly transcribed Section 3 of Exhibit 6 to the Amended Complaint in paragraph 39. Defendant NREP denies any allegations in paragraph 39 that are not expressly admitted.

40. Defendant NREP admits that Plaintiff correctly transcribed Section 4 of Exhibit 6 to the Amended Complaint in paragraph 40. Defendant NREP denies any allegations in paragraph 40 that are not expressly admitted.

41. Defendant NREP admits that Plaintiff correctly transcribed Section 6 of Exhibit 6 to the Amended Complaint in paragraph 41. Defendant NREP denies any allegations in paragraph 41 that are not expressly admitted.

42. To the extent paragraph 42 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied. Defendant NREP otherwise denies paragraph 42 of the Amended Complaint.

43. Defendant NREP admits that Plaintiff sent it a copy of Exhibit 7. Defendant NREP admits that Plaintiff correctly transcribed an excerpt of Exhibit 7 in the third sentence of paragraph 43 of the Amended Complaint. Defendant NREP denies any allegations in paragraph 43 that are note expressly admitted.

44. To the extent paragraph 44 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied. Defendant NREP otherwise admits paragraph 44 of the Amended Complaint.

45. Defendant NREP is without sufficient information or knowledge to admit or deny the allegations in paragraph 45 of the Amended Complaint and, therefore, denies them.

46. Defendant NREP denies paragraph 46 of the Amended Complaint.

47. Defendant NREP admits that the Debtor filed the Original Complaint in this action on January 22, 2021, as alleged in the first sentence of paragraph 47 of the Amended Complaint. Defendant NREP denies it is liable for the relief requested in the Original Complaint. To the extent not expressly admitted, paragraph 47 of the Amended Complaint is denied.

48. Defendant NREP admits the allegations in paragraph 48 of the Amended Complaint.

49. Defendant NREP admits that NREP's First Amended Answer speaks for itself. To the extent paragraph 49 contradicts the First Amended Answer, it is denied.

50. In response to the allegations in paragraph 48 of the Amended Complaint, Defendant NREP admits that NREP's First Amended Answer speaks for itself. To the extent paragraph 50 contradicts the First Amended Answer, it is denied.

51. Defendant NREP admits that NREP's First Amended Answer speaks for itself. To the extent paragraph 51 contradicts the First Amended Answer, it is denied.

52. Paragraph 52 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

53. Defendant NREP lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Amended Complaint and therefore denies the same.

54. Defendant NREP admits that Exhibit 4 to the Amended Complaint is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent

paragraph 41 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, paragraph 54 of the Amended Complaint is denied.

55. Defendant NREP admits that Exhibit 4 to the Amended Complaint is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent paragraph 41 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, paragraph 54 of the Amended Complaint is denied.

56. Paragraph 56 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

57. Paragraph 57 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

## FIRST CLAIM FOR RELIEF
### (against NREP)
### (for Breach of Contract)

58. Paragraph 58 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

59. Paragraph 59 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

60. Paragraph 60 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

61. Paragraph 61 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

62. Paragraph 62 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

63. Defendant NREP denies paragraph 63 of the Amended Complaint.

64. Defendant NREP denies paragraph 64 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
**(against NREP)**
**(Turnover by NREP Pursuant to 11 U.S.C. § 542(b))**

65. Paragraph 65 of the Amended Complaint is a sentence of incorporation that does not require a response and is therefore denied. All prior responses are incorporated herein by reference.

66. Paragraph 66 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

67. Paragraph 67 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

68. Paragraph 68 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

69. Defendant NREP admits that Plaintiff transmitted Exhibits 5 and 7 to the Amended Complaint. Defendant NREP lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 69 of the Amended Complaint and, therefore, denies them.

70. Paragraph 70 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied Defendant

71. Defendant NREP denies paragraph 71 of the Amended Complaint.

### THIRD CLAIM FOR RELIEF
### (Against NREP)
### (Avoidance and Recovery of Actual Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(A) and 550)

72. Paragraph 72 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

73. Paragraph 73 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

74. Paragraph 74 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

75. Paragraph 75 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

76. Paragraph 76 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

77. Paragraph 77 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

### FOURTH CLAIM FOR RELIEF
### (Against NREP)
### (Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. § 544(b) and 550, and Tex. Bus. & C. Code § 24.005(a)(1))

78. Paragraph 78 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

79. Paragraph 79 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

80. Paragraph 80 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

81. Paragraph 81 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

82. Paragraph 82 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

## FIFTH CLAIM FOR RELIEF
### (Against Dugaboy Investment Trust and Nancy Dondero)
### (For Declaratory Relief: -- 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001)

83. Paragraph 83 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

84. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

85. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

86. Paragraph 70 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

## SIXTH CLAIM FOR RELIEF
### (Against Dugaboy Investment Trust and Nancy Dondero)
### (Breach of Fiduciary Duty)

87. Paragraph 87 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

88. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

89. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

90. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

### SEVENTH CLAIM FOR RELIEF
**(Against James Dondero and Nancy Dondero)**
**(Aiding and Abetting a Breach of Fiduciary Duty)**

91. Paragraph 91 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

92. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

93. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

94. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

95. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant NREP is not required to respond to this claim.

Defendant NREP denies that the Plaintiff is entitled to the relief requested in the prayer, including as to parts (i), (ii), (iii), (iv), (v), (vi), (vii) and (iii) [sic].

### AFFIRMATIVE DEFENSES

96. Plaintiff's claims are barred in whole or in part by the doctrine of justification and/or repudiation.

97. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

98. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

99. Plaintiff's claims are barred in whole or in part because prior to the demands for payment, Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each Note was made and February of the following year, Defendant Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Defendant James Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant NREP believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

100. Defendant NREP further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant NREP acted in good faith.

101. Defendant NREP further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged fraudulent transfer (*i.e.*, the "Alleged Agreement") was taken in good faith and for reasonably equivalent value.

102. Defendant NREP further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no intent to hinder, delay, or defraud any creditors of the Debtor by entering into the "Alleged Agreement."

103. Defendant NREP further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the Debtor was solvent at the time the "Alleged Agreement" was made.

104. Defendant NREP further asserts that each Note is ambiguous as a whole based on references to unspecified related agreements.

## JURY DEMAND

105. Except to the extent compelled to arbitration, Defendant NREP demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

106. Defendant NREP does <u>not</u> consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant NREP respectfully requests that, following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the Amended Complaint and provide Defendant NREP such other relief to which it is entitled.

Dated: September 1, 2021

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT
CORE/3522697.0002/169030070

PAGE 16