```
 1                    Dondero - 5-28-2021

 2        IN THE UNITED STATES BANKRUPTCY COURT

 3        FOR THE NORTHERN DISTRICT OF TEXAS

 4                    DALLAS DIVISION

 5   In re:                          )
                                     )
 6   HIGHLAND CAPITAL                )   Case No.
     MANAGEMENT, LP,                 )   19-34054 L.P.
 7                                   )   Chapter 11
             Debtor,                 )
 8   --------------------------------)
     HIGHLAND CAPITAL MANAGEMENT,    )
 9   LP,                             )
                                     )
10           Plaintiff,              )   Adversary No.
                                     )   21-03003-sgi
11       vs.                         )
                                     )
12   JAMES D. DONDERO,               )
                                     )
13           Defendant.              )

14

15            REMOTE DEPOSITION OF

16               JAMES DONDERO

17

18            Pages 103 - 282

19              Dallas, Texas

20       Friday, 28th day of May, 2021

21

22

23   Job No. 194690

24   Reported by:

25   Daniel J. Skur, Notary Public and CSR
```

Exhibit 8

Page 104

1       Dondero - 5-28-2021
2
3
4
5
6
7
8         28th day of May, 2021
9         9:33 a.m. - 1:59 p.m.
10
11
12       Remote Deposition of JAMES DONDERO,
13  located in Dallas, Texas, before Daniel J.
14  Skur, Notary Public and Certified Shorthand
15  Reporter in and for the State of Texas
16  located in Waxahachie, Texas.
17
18
19
20
21
22
23
24
25

```
                                                     Page 105
 1              Dondero - 5-28-2021

 2   A P P E A R A N C E S:

 3       Pachulski Stang Ziehl & Jones
         Attorney(s) for Debtor
 4       780 Third Avenue

 5       New York, New York 10017

 6       BY:   John Morris, Esq.

 7             Gregory Demo, Esq.

 8
         Stinson
 9       Attorney(s) for The Witness
         3102 Oak Lawn Avenue
10
         Dallas, Texas 75219
11
         BY:   Deborah Deitsch-Perez
12
               Michael Aigen, Esq.
13
               Paul Lackey, Esq.
14

15
         Sidley Austin
16       Attorney(s) for The Committee
         2021 McKinney Avenue
17
         Dallas, Texas 75201
18
         BY:   Paige Montgomery, Esq.
19

20

21   ALSO PRESENT:

22             Davor Rukavina, NexPoint

23             La Asia Canty

24

25
```

TSG Reporting - Worldwide    877-702-9580

**App. 44**

1         Dondero - 5-28-2021

2

3            IT IS HEREBY STIPULATED AND AGREED

4   by and between the attorneys for the respective

5   parties herein, that filing and sealing be and

6   the same are hereby waived.

7            IT IS FURTHER STIPULATED AND AGREED

8   that all objections, except as to the form  of

9   the question, shall be reserved to the

10  time of the trial.

11           IT IS FURTHER STIPULATED AND AGREED

12  that the within deposition may be sworn to and

13  signed before any officer authorized to

14  administer an oath, with the same force and

15  effect as if signed and sworn to before the

16  Court.

17                    - oOo -

18

19

20

21

22

23

24

25

```
 1                  Dondero - 5-28-2021
 2               P R O C E E D I N G S
 3             REMOTE ORAL DEPOSITION OF
 4                    JAMES DONDERO
 5          (REPORTER NOTE:  This deposition is
 6       being conducted remotely in accordance with
 7       the Current Emergency Order regarding the
 8       COVID-19 State of Disaster.
 9             Today's date is the 28th day of
10       May, 2021.  The time is 9:33 a.m. Daylight
11       Savings Time.  The witness is located in
12       Dallas, Texas.)
13                    JAMES DONDERO,
14   having been duly cautioned and sworn to tell
15   the truth, the whole truth and nothing but the
16            truth, testified as follows:
17                     (9:33 A.M.)
18                     EXAMINATION
19   BY MR. MORRIS:
20       Q.   Good morning, Mr. Dondero.
21       A.   Morning.
22       Q.   It's John Morris, again, from
23   Pachulski on behalf of the debtor.  We're here
24   for your deposition today.
25            Do you understand that?
```

Page 176

```
 1                  Dondero - 5-28-2021
 2   BY MR. MORRIS:
 3        Q.    Mr. Dondero, can you describe for
 4   me -- withdrawn.
 5             Did you discuss with your sister
 6   Nancy, the agreement that's referred to in
 7   paragraph 40?
 8        A.    The agreement to subsequent
 9   conditions, yes, absolutely.  But this
10   agreement that's on the screen, I've never --
11   I've never -- I've never shown her this
12   document or talked to her about it.
13        Q.    I'm not asking about the document.
14   I'm not asking about the document.  I'm asking
15   about the agreement that's referred to in
16   paragraph 40.
17             Do you understand that?
18        A.    Yes.  And, yes, we had several
19   conversations about it.
20        Q.    Okay.  Can you describe for me
21   everything you remember about your discussions
22   with Nancy concerning the agreement that's
23   referred to in paragraph 40?
24        A.    That the loans that were in place
25   would be forgiven upon a monetization -- the
```

Page 177

```
 1                  Dondero - 5-28-2021
 2   favorable monetization of certain large or
 3   liquid assets on the Highland balance sheet;
 4   and the three that were focused on was MGM,
 5   Trussway, and Cornerstone.
 6        Q.    Did she say anything in response?
 7        A.    Just, "How much are we talking
 8   about?"  And I told her it was about 9 million
 9   in aggregate, and -- and I told her that it
10   was -- that the forgiveness or the compensation
11   was compliant regarding any credit covenants or
12   Hunter Mountain covenants --
13        Q.    Do you recall any --
14        A.    -- that -- that if it were to be
15   forgiven, that additional compensation would be
16   compliant or permitted and really not material
17   relative to any outstanding credit agreements
18   that Highland had or agreements with Hunter
19   Mountain.
20        Q.    Is this something that you discussed
21   with her, or is this just information that
22   you're giving me?
23        A.    This is what I discussed -- that's
24   almost the entirety of the conversation.  It
25   happened over a couple different conversations,
```

1                    Dondero - 5-28-2021

2    but...

3         Q.   Did anybody participate in any of

4    the conversations you're describing other than

5    you and your sister?

6         A.   I don't believe it was necessary, it

7    didn't include anybody else.

8         Q.   Okay.  Again, I'm not here to

9    question.  I'm just looking for facts,

10   Mr. Dondero.

11             So nobody participated in any of

12   these conversations that you can recall other

13   than you and Nancy; is that correct?

14        A.   Correct, that I -- yes, there was

15   never a third party involved in our

16   conversations.  I don't know -- I don't think

17   she discussed it with anybody else, but I don't

18   know.

19        Q.   Did -- was the agreement subject to

20   any negotiation?  Did she make any

21   counterproposal of any kind?

22        A.   No.  No, I -- again, I believe both

23   of our views at the time was that it was

24   immaterial to Highland overall or any other

25   agreements.

```
 1                 Dondero - 5-28-2021
 2   three assets would trigger the conditions
 3   subsequent?
 4        A.    Correct.
 5        Q.    Okay.  And who decided whether the
 6   asset was sold on a favorable basis?
 7              Who made that decision, under your
 8   agreement with Nancy?
 9        A.    It was just defined relative to
10   cost, so it was just -- it was just a
11   factual -- there's nothing to decide.  It would
12   just be a factual answer.
13        Q.    So, I just want to make sure I
14   understand.
15              Your agreement with Nancy was that
16   --
17        A.    Yes.
18        Q.    -- that -- all right.  Withdrawn.
19              Your agreement with Nancy in January
20   or February 2019, was that if any of MGM,
21   Cornerstone, or Trussway was sold at cost, the
22   debtor would forgive your obligations under the
23   three notes.
24              Do I have that right?
25              MS. DEITSCH-PEREZ:  Object to the
```

Page 213

```
 1                  Dondero - 5-28-2021
 2      form.
 3      A.    If any of them were sold above cost,
 4  it would -- monetization would trigger the --
 5  the three notes -- forgiveness of the three
 6  notes, yes.
 7  BY MR. MORRIS:
 8      Q.    Okay.  And I just want to see if I
 9  can understand:  Did you and Nancy discuss in
10  January or February 2019 how much above cost
11  the sale would have to be in order for the
12  debtor to forgive your obligations under the
13  three notes?
14           MS. DEITSCH-PEREZ:  Object to the
15      form.
16      A.    No.  It just had to be above cost,
17  not a amount above cost.
18  BY MR. MORRIS:
19      Q.    Okay.
20      A.    Because just monetizing it -- just
21  monetizing it and getting liquidity for an
22  illiquid investment, even if it was at cost, is
23  good.  So something above cost is great.  And
24  those are all big assets, and the notes were
25  small.
```

1                    Dondero - 5-28-2021

2              C E R T I F I C A T E
    STATE OF TEXAS      )
3                       )
    COUNTY OF ELLIS     )
4
            I, Daniel J. Skur, a Notary Public
5       within and for the State of Texas, do
        hereby certify:
6           That JAMES DONDERO, the witness whose
        deposition is hereinbefore set forth, was
7       duly sworn by me and that such deposition
        is a true record of the testimony given by
8       such witness.
          That pursuant to Rule 30 of the Federal
9       Rules of Civil Procedure, signature of the
        witness was not reserved by the witness or
10      other party before the conclusion of the
        deposition;
11          I further certify that I am not
        related to any of the parties to this
12      action by blood or marriage; and that I am
        in no way interested in the outcome of this
13      matter.
            IN WITNESS WHEREOF, I have hereunto
14      set my hand this 28th day of May, 2021.

15

16

17
    _____
18      Daniel J. Skur
        Notary Public, State of Texas.
19      My Commission Expires 7/7/2022
        TSG Reporting, Inc.
20      228 East 45th Street, Suite 810
        New York, New York
21      (877) 702-9580

22

23

24

25

Dondero - 5-28-2021

ERRATA SHEET FOR THE TRANSCRIPT OF:

Case Name:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: ) | | |
| HIGHLAND CAPITAL ) | Case No. | |
| MANAGEMENT, LP, ) | 19-34054 L.P. | |
| Debtor, ) | Chapter 11 | |
| ) | | |
| HIGHLAND CAPITAL MANAGEMENT, LP, ) | | |
| ) | | |
| Plaintiff, ) | Adversary No. | |
| vs. ) | 21-03003-sgi | |
| JAMES D. DONDERO, ) | | |
| Defendant. ) | | |

Dep. Date: 05/28/2021
Deponent: JAMES DONDERO

Reason codes:

1. To clarify the record.

2. To conform to the facts.

3. To correct transcription errors.

CORRECTIONS:

| Pg. | LN. | Now Reads | Should Read | Reason |
|---|---|---|---|---|
| 140 | 4 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 6 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 8 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 11 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 13 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 14 | MR. MORRIS | THE WITNESS | 3 |
| 140 | 15 | THE WITNESS | MR. MORRIS | 3 |
| 177 | 3 | liquid | illiquid | 3 |

1

CORE/3522697.0002/167597109.1

**App. 53**

| | | | | | |
|---|---|---|---|---|---|
| 181 | 25 | | | Add to end (after yes): as long as the conditions subsequent could still be met. | 1 |
| 182 | 13 | focused | | focus | 3 |
| 188 | 11 | | | Add to end (after monetized): or were monetized for less than cost. | 1 |

JAMES DONDERO

SUBSCRIBED AND SWORN BEFORE ME
THIS 29th DAY OF June, 2021.

Linda Lauchner 6/19/25
(Notary Public)   MY COMMISSION EXPIRES:

LINDA LAUCHNER
Notary Public, State of Texas
Comm. Expires 06-19-2025
Notary ID 1049001

2