Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Attorneys for Highland Capital Management
Services, Inc. and HCRE Partners, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | | **Case No. 19-34054-SGJ-11** |
| §  | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | **Chapter 11** |
| §  | | |
| **Debtor.** § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| §  | | |
| **Plaintiff.** § | | |
| §  | | |
| v. § | | |
| §  | | **Adversary No.: 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT** § | | |
| **SERVICES, INC., JAMES DONDERO,** § | | |
| **NANCY DONDERO, AND THE DUGABOY** § | | |
| **INVESTMENT TRUST,** § | | |
| §  | | |
| **Defendants.** § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| §  | | |
| **Plaintiff.** § | | |
| §  | | |
| v. § | | |
| §  | | **Adversary No.: 21-03007-sgj** |
| **HCRE PARTNERS, LLC (n/k/a NEXPOINT** § | | |
| **REAL ESTATE PARTNERS, LLC), JAMES** § | | |
| **DONDERO, NANCY DONDERO, AND** § | | |
| **DUGABOY INVESTMENT TRUST** § | | |
| §  | | |
| **Defendants.** § | | |

**HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. AND HCRE PARTNERS, LLC'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND EXPERT DISCLOSURE AND DISCOVERY DEADLINES**

TO THE HONORABLE STACEY G.C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW, Highland Capital Management Services, Inc. ("HCMS") and HCRE Partners, LLC ("HCRE"), Defendants in the above styled and numbered Adversary Proceedings initiated by Highland Capital Management, L.P. as Plaintiff (the "Debtor"), and files this, their *Reply in Support of Defendants' Motion to Extend Expert Disclosure and Discovery Deadlines* and respectfully show as follows:

### I. REPLY POINTS

**The Court Should Allow HCRE And HCMS To Designate A Shared Services Expert Because, Contrary To Debtor's Assertion, They Do Have A Shared Services Agreement With The Debtor.[1]**

1. The Debtor argues that even if NexPoint were allowed an extension of time to add a shared services expert, HCRE and HCMS should not be afforded the same extension of time because they were not a party to the Shared Services Agreement between NexPoint and the Debtor and because they were not a party to any shared services agreement with the Debtor. While the Debtor is correct that HCRE and HCMS were not a party to the Shared Services Agreement between NexPoint and the Debtor, HCRE and HCMS did have their own shared services agreements with the Debtor.

2. As Mr. Dondero testified, while there was no written agreement between either HCMS or HCRE, on the one hand, and the Debtor, on the other hand, relating to services that the Debtor was to supply to either party, the services that the Debtor provided to HCMS and HCRE

---

[1] HCRE and HCMS join the applicable arguments NexPoint makes as to why their request to add an expert now is warranted and not prejudicial to the Debtor.

were essentially the same services that the Debtor provided to NexPoint.[2] As with NexPoint, there was a long history of the Debtor providing services to HCMS and HCRE. The Debtor provided HCMS and HCRE with these services pursuant to an oral agreement.[3] As Mr. Pully will testify to, this is common in the industry. Under that oral agreement, the Debtor was responsible for making payments of principal and interest on the HCMS notes and the HCRE notes, which had previously been made in 2017, 2018, and 2019, and HCMS and HCRE relied on the Debtor to provide these services because HCMS and HCRE, like NexPoint, did not have employees or infrastructure to run its business without the services provided by the Debtor.[4]

3. When asked about whether the Debtor had a services agreement with HCMS, Mr. Dondero replied as follows during his deposition:

> My answer would be the advisors like NexPoint and HFAM that had to have by law and regulatory statute have to have formal sub advisors and shared services agreements had formal shared services agreement. Entities that didn't need to have formal written shared services agreements were often serviced similarly or -- or exactly the same as those entities, but without a written agreement, but with a verbal shared services agreement providing, again, all the same similar services, and the entities that didn't have a written shared services agreement weren't getting shared services or support from any other entities other than Highland doing the same thing for them that it did for the mutual funds.[5]

4. Mr. Dondero had a similar response with regard to there being an oral agreement for the Plaintiff to provide services to HCRE.[6] Notably, the Debtor has not even attempted to provide any evidence or testimony indicating that there was no services agreement between these parties. And even if there was no oral agreement, there is certainly evidence of an implied

---

[2] James Dondero Deposition, Volume 2, dated October 29, 2021, at 335:19-336:13, a copy of which is attached as Exhibit 1 to the Declaration of Michael P. Aigen, dated December 8, 2021 ("Aigen Decl.").
[3] *Id.*
[4] *Id.* at 371:5-9. While HCRE and HCMS did not pay cash for these services, HCRE and HCMS provided value to HCM by creating track records that HCM could point to in order to raise money for similar services it would market for which it receive compensation. *Id.* at 338:11-339:18.
[5] *Id.* at 335:19-336:13.
[6] *Id.* at 381:10-23.

3

agreement for the Debtor to provide services to HCRE and HCMS based on the actions and conduct of the parties, including the fact that the Debtor previously made these loan payments on behalf of these entities.[7] Therefore, because the Debtor is simply incorrect about there being no services agreement between HCRE and HCMS, on one hand, and the Debtor, on the other, HCRE and HCMS should be permitted an extension of time to designate Mr. Pully as a shared services expert.

## II.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Highland Capital Management Services, Inc. and HCRE Partners, LLC respectfully request this Court enter an order (i) granting Defendants' Motion to Extend Expert Disclosure and Discovery Deadlines; (ii) modifying the Scheduling Order to extend the deadline to designate experts and serve expert reports through December 13, 2021; (iii) modifying the Scheduling Order accordingly for the potential designation of rebuttal experts and service of rebuttal expert reports, and extending expert discovery; and (iv) granting Defendants such other and further relief as may be proper.

---

[7] An implied in fact contract arises from the actions and conduct of the parties. *See Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972); *Notley v. Sterling Bank*, No. 05–07–00891–CV, 2008 WL 4952835, at *3 (Tex. App.-Dallas Nov. 21, 2008, no pet.).

|  |  |
|---|---|
| Dated: December 8, 2021 | Respectfully submitted,<br><br>**STINSON LLP**<br><br>/s/ *Deborah Deitsch-Perez*<br>Deborah Deitsch-Perez<br>Texas State Bar No. 24036072<br>Michael P. Aigen<br>Texas State Bar No. 24012196<br>3102 Oak Lawn Avenue, Suite 777<br>Dallas, Texas 75219-4259<br>Telephone: (214) 560-2201<br>Telecopier: (214) 560-2203<br>Email: deborah.deitschperez@stinson.com<br>Email: michael.aigen@stinson.com<br><br>**ATTORNEYS FOR DEFENDANTS HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. AND HCRE PARTNERS, LLC** |

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that, on December 8, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties who are registered to receive notices in this case.

                                                                  /s/ *Deborah Deitsch-Perez*
                                                                  Deborah Deitsch-Perez