PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § § Plaintiff, § § vs. § § HIGHLAND CAPITAL MANAGEMENT FUND § ADVISORS, L.P., § § § Defendant. § § § | Adv. Proc. No. 21-3004  Case No. 3:21-cv-00881-X |

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | Adv. Proc. No. 21-3005 |
| vs. | § § | |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | Case No. 3:21-cv-00881-X |
| Defendants. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § § | Adv. Proc. No. 21-3006 |
| vs. | § § | |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § § | Case No. 3:21-cv-00881-X |
| Defendants. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § § | Adv. Proc. No. 21-3007 |
| vs. | § § | |
| HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | Case No. 3:21-cv-00881-X |
| Defendants. | § § | |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    A.    The Pully Report Should be Stricken from the Record ...................................................... 3

        1.    The Discovery Orders Preclude Defendants from Offering the Pully Report ............ 3

        2.    Including the Pully Report as an "Offer of Proof" in the Summary Judgment Record is Improper ............................................................................... 5

    B.    The Term Note Defendants are in Contempt of the Expert Order ..................................... 8

    C.    HCMFA's Barred Defense Should be Stricken from the Summary Judgment Record ................................................................................................................ 10

    D.    HCMFA is in Contempt of the Second Motion for Leave Order ..................................... 11

    E.    The Bankruptcy Court has Jurisdiction to Issue Sanctions................................................ 12

## TABLE OF AUTHORITIES

**CASES**

*Am. Airlines, Inc. v. Allied Pilots Ass'n*,
   228 F.3d 574 (5th Cir. 2000) .................................................................................................. 9

*Barrett v. Atlantic Richfield Co.*,
   95 F.3d 375 (5th Cir. 1996) .................................................................................................... 5

*Fortunato v. Ford Motor Co.*,
   464 F.2d 962 (2d Cir. 1972) ................................................................................................... 6

*Fusco v. Gen. Motors Corp.*,
   11 F.3d 259 (1st Cir. 1993) .................................................................................................... 2

*Geiserman v. MacDonald*,
   893 F.2d 787 (5th Cir. 1990) .................................................................................................. 4

*Germano v. International Profit Ass'n, Inc.*,
   544 F.3d 798 (7th Cir. 2008) .............................................................................................. 6, 7

*In re Adelphi Institute, Inc.*,
   112 B.R. 534 (S.D.N.Y. 1990) ............................................................................................. 13

*In re Kennedy*,
   48 B.R. 621 (Bankr. D. Ariz. 1985) ..................................................................................... 13

*In re Lion Capital Group*,
   46 B.R. 850 (Bankr. S.D.N.Y. 1985) ................................................................................... 13

*In re McLean Indus., Inc.*,
   68 B.R. 690 (Bankr. S.D.N.Y. 1986) ................................................................................... 13

*In re THB Corp.*,
   94 B.R. 797 (Bankr. D. Mass. 1988) .................................................................................... 12

*LabMD, Inc. v. Tiversa Holding Corp.*,
   No. 15-92, 2020 WL 1428935 (W.D. Pa. March 24, 2020) ............................................ passim

*Matter of Baum*,
   606 F.2d 592 (5th Cir. 1979) ............................................................................................ 9, 10

*N.L.R.B. v. Trailways, Inc.*,
   729 F.2d 1013 (5th Cir. 1984) ................................................................................................ 9

*Orix Fin. Servs. v. Thunder Ridge Energy, Inc.*,
   2005 U.S. Dist. LEXIS 41889 (S.D.N.Y. Dec. 29, 2005) .................................................... 11

*Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*,
 177 F.3d 380, (5th Cir. 1999) ................................................................................................ 10

*S.E.C. v. Euro Sec. Fund*,
 No. 98 Civ. 7347(DLC), 2009 WL 2709316 (S.D.N.Y. Aug. 27, 2009) ................................... 5

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
 685 F.3d 486 (5th Cir. 2012) .................................................................................................... 5

*Sprint Solutions, Inc. v. Taylor*,
 No. 3:14–CV–4124–M (BF), 2015 WL 4100059 (N.D.Tex. Jul. 6, 2015) ............................... 5

*Utica Mutual Insurance Company v. Munich Reinsurance America, Inc.*,
 7 F.4th 50 (2d. Cir. 2021) ......................................................................................................... 7

*Watt v. Butler*,
 457 Fed. Appx. 856, 861 (11th Cir. 2012) .............................................................................. 11

*Williams v. Manitowoc Cranes,
 LLC*, 1:14CV383-HSO-JCG, 2016 WL 7666158 (S.D. Miss. Jan. 12, 2016) ........................ 10

*York v. Toone*,
 2018 WL 8619800 (W.D. Tex. Dec. 10, 2018) ........................................................................ 7

**STATUTES**

28 U.S.C. § 157(c) ......................................................................................................................... 13

**RULES**

Fed. R. Civ. P. 16 ............................................................................................................................ 5

Fed. R. Civ. P. 16(f)(1) ................................................................................................................... 5

Fed. R. Civ. P. 37(b)(2)(A) ............................................................................................................. 5

Fed. R. Civ. P. 43 ............................................................................................................................ 6

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS OMNIBUS MOTION (A) TO STRIKE CERTAIN DOCUMENTS AND ARGUMENTS FROM THE RECORD, (B) FOR SANCTIONS, AND (C) FOR AN ORDER OF CONTEMPT**

Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case") and plaintiff in the above-referenced adversary proceedings (collectively, the "Notes Actions"), hereby files this reply (the "Reply") in response to (1) *Defendants' Response in Opposition to Plaintiff's Omnibus Motion (a) to Strike Certain Documents and Arguments from the Record, (b) for Sanctions, and (c) for an Order of Contempt* filed by the Term Note Defendants [Adv. Pro. No. 21-03005, Docket No. 180; Adv. Proc. No. 21-03006, Docket No. 182; Adv. Proc. No. 21-03007, Docket No. 177] (the "Expert Opp."), and (2) *Defendant's Objection to Plaintiff's Motion to Strike, for Sanctions, and for Contempt* filed by HCMFA [Adv. Pro. No. 21-03004, Docket No. 145] (the "Defense Opp.").[1]

**PRELIMINARY STATEMENT**

1. The Motion should be granted in all respects. Defendants' inclusion of the Pully Report and the Barred Defense in the summary judgment record (a) violates this Court's Orders which expressly prohibit the inclusion of such evidence and arguments, and (b) prejudices Plaintiff by conducting surprise litigation and not giving Plaintiff an opportunity to take discovery on such issues or adequately respond thereto.

2. Nevertheless, Defendants attempt to justify their Wrongful Conduct by insisting that, *inter alia*, (a) the Discovery Orders do not explicitly prohibit the Pully Report or the Barred Defense in opposition to summary judgment, (b) the inclusion of the Pully Report in the summary judgment record is "necessary" to preserve the issue for appeal, despite the Court's clear directive

---

[1] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them in the *Brief in Support of Plaintiff's Omnibus Motion (a) to Strike Certain Documents and Arguments from the Records, (b) for Sanctions, and (c) for an Order of Contempt. See* Adv. Pro. No. 21-03005, Docket No. 162.

otherwise, and (c) including the evidence as a purported "offer of proof" somehow insulates Defendants from sanctions. Defendants' arguments are unavailing.

3. Defendants cite no authority (and Plaintiff is aware of none) that permits a party to submit evidence and arguments in opposition to summary judgment that was previously excluded by court order.[2] If countenanced, Defendants' Wrongful Conduct will effectively render each of the Orders null and void (and the time and expense leading up to their entry completely unnecessary and wasteful). Defendants' Wrongful Conduct will also result in substantial prejudice to Plaintiff, a fact Defendants completely ignore.

4. Defendants' "offer to stipulate that this Court could disregard the evidence, as it was presented solely for the purpose of protecting it on appeal" is not credible. This Court is already authorized to weigh and consider evidence and does not need Defendants' permission to do so. Moreover, the issues were already preserved for appeal when the underlying motions were denied. If there was any doubt about that, (i) Defendants have already appealed both Orders to the District Court (albeit improperly), and (ii) Plaintiff offered to stipulate that the issues were preserved for appeal.[3]

5. This Court should decline Defendants' invitation to create new law by enabling (a) the Term Note Defendants to include the Pully Report in the evidentiary record, and (b) HCMFA

---

[2] Before filing the Motion, Plaintiff asked Defendants to provide a citation "to any case where a court has relied on a proffer of evidence that it previously excluded to determine a summary judgment motion." *See Declaration of John A. Morris in Support of Plaintiff's Omnibus Motion (a) to Strike Certain Documents and Arguments from the Record, (b) for Sanctions, and (c) for an Order of Contempt*, Adv. Pro. No. 21-03005, Docket No. 163 ("Morris Dec."), Ex. 9 at 2. Defendants failed to cite to any such case in response or in its opposition to the Motion.

[3] Morris Dec. Ex. 9 at 2 ("If your issue is preserving the issue for appeal, I would consider a stipulation – although, given that the evidence and arguments subject to the proffer were already the subject of motions and orders . . . which ha[ve] already been presented to the District Court for review, I don't understand the concern or the necessity. Indeed, as you note, "[w]here the "pretrial proffer is adequate and ***evidence is excluded unconditionally by a pretrial order,*** " then "the proponent ***has preserved the issue for appeal*** and (other circumstances being unchanged) need not bring the witness to court and proffer the evidence again at trial." *Fusco v. Gen. Motors Corp.*, 11 F.3d 259, 262–63 (1st Cir. 1993) (emphasis added)").

to pursue the Barred Defense in opposition to summary judgment under the guise of "proffers" in violation of orders prohibiting precisely this conduct.

6.      In blatant disregard of the Orders, and despite having already appealed the Orders to the District Court, Defendants insist on jamming the Pully Report and the Barred Defense into the summary judgment record so that they can be considered by the District Court in the summary judgment context.  Defendants' disagreement with the Orders gives them no license to ignore them, particularly at Plaintiff's expense.  The District Court will decide the appeals of the Orders in due course.  In the meantime, the Motion should be granted.

## ARGUMENT

**A.      The Pully Report Should Be Stricken from the Record**

**1.      The Discovery Orders Preclude Defendants from Offering the Pully Report**

7.      By including and relying on the Pully Report in their opposition to summary judgment, the Term Note Defendants plainly violated the Scheduling and Expert Orders.  The following facts undisputed:

- Pursuant to the Scheduling Order, expert opinions were required to be disclosed by October 29, 2021 (the "Disclosure Deadline");

- The Term Note Defendants did not disclose any expert opinions by the Disclosure Deadline;

- Pursuant to the Scheduling Order, experts were to be made available for deposition by November 8, 2021 (the "Deposition Deadline" and together with the Disclosure Deadline, the "Expert Deadlines");

- The Term Note Defendants did not make Mr. Pully available for deposition by the Deposition Deadline;

- The Term Note Defendants moved to amend the Scheduling Order to extend the Expert Deadlines so they could commission and offer expert opinions (*i.e.*, the Pully Report) and engage in expert discovery;

3

- After briefing and extensive oral argument, the Court denied the Expert Motion and issued the Expert Order;

- The Term Note Defendants appealed the Expert Order to the District Court; and

- Plaintiff relied on the Scheduling Order and Expert Order and took no expert discovery.

8. Based on these undisputed facts, the Term Note Defendants' inclusion of the Pully Report clearly violates the Scheduling and Expert Orders, and should be stricken from the summary judgment record. *See LabMD, Inc. v. Tiversa Holding Corp.*, No. 15-92, 2020 WL 1428935, at *7 (W.D. Pa. March 24, 2020) (striking expert report attached to opposition to summary judgment where "its submission plainly violates the Court's clear directive," explaining that party chose to "conduct litigation by surprise. If the Court were to permit [party] to rely on the [expert report], it would unfairly prejudice [opponent], which reasonably relied upon the Court's ruling regarding expert discovery and had no prior notice of [expert opinion]"); *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (affirming court's exclusion of proposed expert testimony "in order to enforce its discovery order" where expert was precluded from testifying pursuant to discovery order, noting "since the court ruled that [party] could not offer expert testimony at trial, he cannot use that expert witness's affidavit to oppose summary judgment").

9. The Term Note Defendants' contentions are meritless. For example, the Term Note Defendants contend that the Expert Order "only denied Defendants' Motion to Extend," and "in no way, either explicitly or implicitly, barred or excluded the inclusion of the Pully Report, or any other evidence as an offer of proof." [Expert Opp ¶ 20]. Such argument ignores the Court's explicit findings in support of the Expert Order[4] and of its express purpose.

---

[4] In issuing the Expert Order, the Court observed, among other things, that "an expert can[not] testify about contractual duties and attempt to interpret its provisions. That is the job of the Court, and I think it is improper subject matter for an expert." *See* Morris Exhibit 10 at 35:24-36:10, attached to the *Supplemental Declaration of Plaintiff's Reply in*

10. The Term Note Defendants' argument that Rule 37 is not "implicated" and that sanctions are not an available remedy [*see* Expert Opp. ¶¶ 18, 23] is contrary to long-standing Fifth Circuit precedent holding that courts have broad discretion to impose sanctions for violations of pretrial and discovery orders. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (noting that it is "well within the court's discretion to use sanctions as a tool to deter future abuse of discovery" under Rule 37); *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (affirming court's striking of expert testimony under Fed. R. Civ. P. 16[5] and 37 for failing to comply with scheduling order and disclosing expert testimony after deadlines had passed); *Sprint Solutions, Inc. v. Taylor*, No. 3:14–CV–4124–M (BF), 2015 WL 4100059, at *2 (N.D. Tex. Jul. 6, 2015) (recommending that court strike pleadings as sanction under Fed. R. Civ. P. 16(f)(1) and Fed. R. Civ. P. 37(b)(2)(A) for party's failure to comply with pretrial order), *Report and Recommendation* adopted, 2016 WL 446669, (N.D. Tex., Jan. 08, 2016).[6]

### 2. Including the Pully Report as an "Offer of Proof" in the Summary Judgment Record Is Improper

11. For these same reasons, the Term Note Defendants' argument that the Pully Report can properly be included as an "offer of proof" is without merit. The Term Note Defendants contend that the inclusion of the Pully Report "was arguably necessary to preserve Defendants' right to have the District Court review the evidence that they would have submitted in opposition

---

*Further Support of Its Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt.*

[5] Federal Rule of Civil Procedure 16(f) provides that the "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1).

[6] *See also S.E.C. v. Euro Sec. Fund*, No. 98 Civ. 7347(DLC), 2009 WL 2709316, at * (S.D.N.Y. Aug. 27, 2009) (granting motion to strike pleading under Rule 16(f) for party's failure to comply with pretrial order, noting "Rule 16(f) explicitly permits sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(iv), which authorizes the court to 'prohibit[] the disobedient party from supporting or opposing designated claims or defenses' or 'strik[e] pleadings in whole or in part'").

5

to the Motion for Summary Judgment had the Bankruptcy Court not entered the Expert Report." [Expert Opp. ¶ 20]. The Term Note Defendants misstate the law—and ignore the fact that their objection to the Expert Order was already preserved for appeal.

12. Under Fed. R. Civ. P. 43, an offer of proof is required only where "the significance of the excluded evidence is not obvious or where it is not clear what the testimony of the witness would have been or that he was even qualified to give any testimony at all." *Fortunato v. Ford Motor Co.*, 464 F.2d 962, 967 (2d Cir. 1972). Where the "pretrial proffer is adequate and *evidence is excluded unconditionally by a pretrial order*," then "the proponent *has preserved the issue for appeal* and (other circumstances being unchanged) need not bring the witness to court and proffer the evidence again at trial." *Fusco*, 11 F.3d at 262–63 (emphasis added).

13. Here, the Term Note Defendants made their "proffer" when they filed their Expert Motion.[7] Therefore, the issue is already preserved for appeal. *See Germano v. Int'l Profit Ass'n, Inc.*, 544 F.3d 798, 801 (7th Cir. 2008) (finding party's evidentiary objection sufficiently preserved for appeal, noting [Fed. R. Evid. 103(a)] relieves a party from the need to reiterate its objection or offer of proof repeatedly"); *LabMD*, 2020 WL 1428935, at *8 (rejecting evidence attached to summary judgment opposition as "offer of proof" where pretrial order precluded admission of such evidence, noting that "once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to reserve a claim of error for appeal").

---

[7] *See Expert Motion* ¶ 1 (seeking to "designate a testifying expert on the standards and duties of care under the parties' Shared Services Agreement [] with respect to Highland's role in NexPoint's alleged failure [sic] to make a December 21 [sic], 2020 payment on the Note []; specifically, that Highland was responsible for ensuring that NexPoint made this payment"), ¶ 15 (seeking to retain an expert to opine "on the 'standard of care' provided for in the Shared Services Agreement"); *see also Highland Capital Management Services, Inc.'s Motion to Extend Expert Disclosure and Discovery Deadlines*, Adv. Pro. No. 21-03006, Docket No. 91 ¶ 1 (incorporating "the NexPoint Motion as if fully set forth" therein); *HCRE Partners, LLC's Motion to Extend Expert Disclosure and Discovery Deadlines*, Adv. Pro. No. 21-03007, Docket No. 86 ¶ 1 (same).

14. The Term Note Defendants' argument that they are permitted to submit the Pully Report as an "offer of proof," notwithstanding the Court's explicit directive not to include such Report, is baseless. *See LabMD*, 2020 WL 1428935, at *8 (striking testimony attached to opposition to summary judgment where "the court expressly prohibited [party] from relying upon" such testimony, and rejecting party's argument that it had to submit such testimony as an "offer of proof" as "baseless," explaining that the court "is informed of, and thoroughly considered, the parties' arguments" in light of its order denying the proposed testimony, and in light of the party's motion for reconsideration on such order).

15. Further, the Term Note Defendants' contention that the Motion should be denied because "offers of proof are proper at the summary judgment stage" is irrelevant here. Expert Opp. ¶ 19. Again, such contention ignores the Court's Orders explicitly precluding the inclusion of the Pully Report. The cases Defendants rely on are equally misplaced because ***none involve a court accepting evidence as an "offer of proof" after issuing an order excluding that same evidence***. *See, e.g.*, *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50 (2d Cir. 2021) (holding that appellant preserved an issue for appeal by submitting evidence that was ***not*** precluded by a prior court order); *Germano*, 544 F.3d 798 (same); *York v. Toone*, 2018 WL 8619800, at *1 (W.D. Tex. Dec. 10, 2018) (same).

16. Based on the record and the clear and unambiguous terms of the Orders, there is no credible justification for the Term Note Defendants' submission of the Pully Report. By including such Report, the Term Note Defendants did not even attempt to comply with the Expert Order. Instead, they submitted nearly 25 pages of excluded evidence in the summary judgment record and made arguments relying on such prohibited evidence. *See* Adv. Proc. No. 21-3005, Docket No. 157 at App. 211-235. The only explanation for such inclusion is that the Term Note Defendants

7

want the Court to consider the prohibited evidence when deciding on summary judgment. *See LabMD*, 2020 WL 1428935, at *8 ("[I]t is clear that [party's] submission goes far beyond the limited purpose of preserving the record for appeal and is intended to impermissibly influence this Court's ruling on summary judgment," noting that party "did not endeavor to comply with the []Order," and instead submitted hundreds of pages of "unsolicited materials based on entirely on the precluded evidence").

B. **The Term Note Defendants Are in Contempt of the Expert Order**

17. The Term Note Defendants are in contempt of the Expert Order. As discussed *supra*, the Expert Order expressly denied the Term Note Defendants' request to procure and produce expert opinions concerning Plaintiff's alleged duties under the Shared Services Agreement and engage in related expert discovery.

18. The Term Note Defendants contend that "nothing in the Scheduling Order or Expert Order specifically or definitively precludes offers of proof," and that the "Expert Order does not even mention offers of proof." Expert Opp. ¶ 27. This is pure sophistry. The Term Note Defendants understand the meaning of the Expert Order because it was issued in response to their own motion.[8] The Term Note Defendants' clear understanding of the Order's prohibitions was highlighted at the time they violated such Order in their summary judgment pleading. *See* Adv. Proc. 21-3005 at 15 n. 76 (stating "Defendants' position is bolstered by the Expert Report of Steven

---

[8] Notably, the Term Notes Defendants do ***not*** contend on appeal that the Expert Order was ambiguous or that they did not understand it. Instead, they (a) assert that "in denying NexPoint leave to extend the expert disclosure and discovery deadlines, the Order is clearly erroneous and contrary to law and should, therefore, be reconsidered and reversed by the District Court" (*see Brief in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*, Case 3:21-cv-00880-X, Docket No. 22 ¶1), and (b) contend that the Bankruptcy Court lacked authority to issue the Order (*see Reply Brief in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*, Case 3:21-cv-00881-X, Docket No. 41).

8

J. Pully … *which was incorrectly not permitted to be included in the record by the Court*") (emphasis added).

19. The Term Note Defendants asked for permission to extend the Deadlines so they could obtain and offer expert opinions and that request was denied. If Plaintiff never moved for summary judgment, the Term Note Defendants would be precluded from offering the Pully Report into evidence at a trial on the merits *unless* the Expert Order was overturned on appeal. That has not happened, and the Term Note Defendants offer no explanation for why the Expert Order is not "law of the case" and why that Order has no preclusive effect. The Term Note Defendants' attempt to dodge the plain meaning of the Expert Order by dressing the Pully Report up as an "offer of proof" should be rejected by the Court.[9] *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000) (affirming finding of civil contempt where the order was "sufficiently clear in what conduct [it] mandate and prohibited," noting "[t]he [] Court need not anticipate every action to be taken in response to its order, nor spell out in detail the means in which its order must be effectuated").

20. The Term Note Defendants' case cites are inapposite. In *Matter of Baum*, 606 F.2d 592 (5th Cir. 1979), the court reversed an order of contempt against an attorney for taking a deposition of a defendant after the bankruptcy court issued an order setting aside the deposition notice to that defendant and another defendant in an action with six total defendants. In finding that the attorney did not violate a "specific and unequivocal order of the bankruptcy court," the court explained that the "order vacating the notice of deposition was not addressed specifically to"

---

[9] Even assuming *arguendo* that the Term Note Defendants' violation of the Expert Order was not willful, a finding of contempt is still warranted. *See Am. Airlines*, 228 F.3d at 578 ("The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order"); *N.L.R.B. v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984) (finding party in civil contempt, noting that "[s]ince this is a proceeding in civil, not criminal, contempt, the only issue is the Company's actual compliance with this Court's orders; any absence of willfulness is irrelevant").

the attorney and "did not explicitly direct that the deposition not take place." *Id.* at 583. The court further noted that "given the possible uncertainly concerning the effect of an order issued on the motion of only two of the six defendants to the action, it cannot be said that the taking of the deposition constituted a clear affront to the court's authority." *Id.* Unlike in *Baum*, the Expert Order here was crystal clear in prohibiting the Pully Report, and there was no uncertainty as to the Order's intended effect.[10]

C. **HCMFA's Barred Defense Should Be Stricken from the Summary Judgment Record**

21. HCMFA's Barred Defense should be stricken from HCMFA's summary judgment pleading. In asserting the Barred Defense in opposition to Plaintiff's summary judgment motion, HCMFA violated the Second Motion for Leave Order which prohibited HCMFA from asserting such Defense. When moving for summary judgment, Plaintiff reasonably relied upon the Court's ruling prohibiting HCMFA's assertion of the Barred Defense. Thus, the inclusion of the Barred Defense prejudices Plaintiff because Plaintiff took no discovery on the Barred Defense and cannot fully address the Barred Defense at this stage.[11] *See LabMD*, 2020 WL 1428935, at *8 (party "chose to disregard the Court's clear directive and conduct litigation by surprise," noting that if such conduct is permitted, "it would unfairly prejudice [opposing party], which reasonably relied

---

[10] In *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, (5th Cir. 1999), the court affirmed the lower court's decision not to hold a party in civil contempt where the language of a settlement order did not bar the party's conduct. Here, by contrast, the Expert Order unequivocally prohibited the Term Note Defendants' use of expert testimony in support of their affirmative defense. *Williams v. Manitowoc Cranes, LLC*, 1:14CV383-HSO-JCG, 2016 WL 7666158 (S.D. Miss. Jan. 12, 2016) is equally distinguishable from the present facts. There, the court found that sanctions were not warranted against defendants for taking two months to produce certain documents where the discovery order "did not set forth a date certain to" produce such documents. 2016 WL 7666158, at *4. The court explained that plaintiff's motion for sanctions "focuses on the timing and sequence of discovery, which has now been produced, rather than any failure by defendant to comply with the [order]." *Id.* Here, the Term Note Defendants blatantly failed to comply with the clear directive of the Expert Order's, namely, not to engage in expert discovery.

[11] While Plaintiff has taken no discovery, it is worth noting that the Barred Defense is facially absurd given that (i) Mr. Waterhouse contemporaneously knew of the issuance of the HCMFA Notes and their purpose, (ii) HCMFA should be estopped from denying that the HCMFA Notes are binding given that, among other things, they appeared in HCMFA's audited financial statements and were carried as liabilities on its balance sheet, and (iii) if HCMFA was ever permitted leave to amend, Plaintiff would simply assert a cause of action for unjust enrichment.

10

upon the Court's ruling" regarding such conduct and "had no prior notice of" such argument). HCMFA fails to even address such prejudice to Plaintiff, other than through its conclusory statement that there is no "unfair surprise" by asserting the Barred Defense. Defense Opp. ¶ 36. In fact, HCMFA's brief in response to Plaintiff's Motion is nothing more than a third iteration of briefing on the underlying merits of the Barred Defense (the first being the Second Motion for Leave and the second being the motion for reconsideration), rather than a substantive response on the issues presented by the instant Motion. *See id*. ¶¶ 1-33.

22.    HCMFA also argues that the Barred Defense should not be stricken because it supposedly does not constitute a "new affirmative defense," and instead constitutes the "negation of a presumption" or allegations of "non-execution." *See* Defense Opp. ¶¶ 33-36. This argument suggests that HCMFA's Second Motion for Leave was a request for an advisory opinion and is offensive. *See* Second Motion for Leave ¶ 1. Plaintiff (and the Court) spent considerable time opposing HCMFA's Second Motion for Leave, and HCMFA should not be permitted to ignore the Second Motion for Leave Order simply because it does not like the result.[12]

D.    <u>**HCMFA Is in Contempt of the Second Motion for Leave Order**</u>

23.    HCMFA contends that it is not in contempt of the Second Motion for Leave Order because the Order "simply denied HCMFA leave to amend its answer. It did not prohibit HCMFA from asserting that Waterhouse did not sign the Notes." Defense Opp. ¶ 41. HCMFA's argument disregards the clear directive under the Second Motion for Leave Order and the Court's bench

---

[12] HCMFA's case cites in support of its argument that the Barred Defense is not a new affirmative defense are inapplicable. In *Watt v. Butler*, the court noted in a footnote that evidence supporting the negation of the presumption of copying in a copyright infringement suit is not an affirmative defense. 457 Fed. Appx. 856, 861 fn. 2 (11th Cir. 2012). In *Orix Financial. Services v. Thunder Ridge Energy, Inc.*, 2005 U.S. Dist. LEXIS 41889, at *37 (S.D.N.Y. Dec. 29, 2005), a case involving New York Law, the issue regarding a party's claim of non-execution was whether the party waived such a defense by not pleading it prior to summary judgment. Here, by contrast, the Barred Defense was explicitly precluded by a court order based on a number of factors, including that Plaintiff would be prejudiced by such Defense. HCMFA otherwise offers no credible support for the inclusion of the Barred Defense.

11

findings during the hearing on the Second Motion for Leave to Amend. *See Second Motion for Leave Order (expressly denying HCMFA's Second Motion for Leave to assert the Barred Defense)*; Morris Ex. 7 (denying HCMFA's request to assert the Barred Defense, finding that under Rule 15, there has been undue delay, futility of the "amendment," and prejudice to Plaintiff, explaining that "it's just way too late to make an argument that should have been apparent many months ago if in fact it's a legitimate argument," and that HCMFA offers no evidentiary support for its "evolving theory of the case"). In light of the Court's clear and unequivocal directive prohibiting HCMFA from asserting the Barred Defense, HCMFA's attempt to inject ambiguity into the Second Motion for Leave Order should be summarily rejected by the Court. HCMFA's inclusion of the Barred Defense in its opposition to summary judgment is a blatant disregard of the Court's Order.

### E. The Bankruptcy Court Has Jurisdiction to Issue Sanctions

24. Defendants' conclusory argument that the Court lacks jurisdiction to issue contempt is premised on the faulty argument that the Court "may or may not be acting as a magistrate judge," and therefore, lacks core jurisdiction over the underlying Discovery Orders. *See* Expert Opp. ¶ 29; Defense Opp. ¶¶ 49-50. This argument is without merit.

25. In issuing the Discovery Orders, the Bankruptcy Court was not acting as a magistrate judge. Section 157 authorizes bankruptcy courts to adjudicate pretrial matters until the case is trial-ready. Thus, pursuant to the Order of Reference,[13] the Bankruptcy Court retains jurisdiction to enter pretrial interlocutory orders, such as the Discovery Orders, in these adversary proceedings until the case is trial-ready. *See In re THB Corp.*, 94 B.R. 797, 803 (Bankr. D. Mass. 1988) ("A bankruptcy judge may adjudicate interlocutory matters under § 157(c)(1); the statute

---

[13] *See* Case No. 21-881 at Docket No. 14.

preserves only "final" orders for entry by the district judge, and its procedure would be unworkable if the district judge had to adjudicate interlocutory matters"); *In re Kennedy*, 48 B.R. 621, 622 (Bankr. D. Ariz. 1985) (noting that under 28 U.S.C. § 157(c), only "final" orders shall to be submitted to the district court, while "bankruptcy interlocutory orders in noncore proceedings need not be submitted to District Court," noting that a "contrary interpretation would require wholesale referral to the District Court of every order concerning discovery, continuances or every other interlocutory order of substantive or procedural import"); *In re Lion Capital Group*, 46 B.R. 850, 854 (Bankr. S.D.N.Y. 1985) ("Congress enabled the district courts to withdraw the reference under § 157(d)," and "sought to involve the district courts only with respect to final orders in referred proceedings and that the bankruptcy courts are to issue interlocutory orders in related cases referred to them," noting that a contrary interpretation "would require wholesale deferral of all interlocutory matters, such as orders regulating discovery and the like, to the district courts thereby swamping district court calendars"); *In re Adelphi Inst., Inc.*, 112 B.R. 534, 539 (S.D.N.Y. 1990) (noting that the Bankruptcy Court's role in rendering reports and recommendations to the District Court on dipositive motions pursuant to 28 U.S.C. 157(c)(1) does not prevent the Bankruptcy Court from adjudicating pre-trial interlocutory matters).

26.   The Court has the power to issue sanctions, including a finding of contempt, for violation of its own lawful orders. *See In re McLean Indus., Inc.*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("All courts, whether created pursuant to Article I or Article III, have inherent contempt power to enforce compliance with their lawful orders. The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order"). Accordingly, the Court has jurisdiction to issue a finding of contempt for the Term Note Defendants' violation of its own lawful Discovery Orders.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: (i) striking the Barred Defense from HCMFA's opposition to summary judgment; (ii) striking the Pully Report from the Term Note Defendants' Appendix; and (iii) finding the Term Note Defendants, HCMFA, and their counsel in civil contempt of the applicable Orders.

Dated: March 14, 2022          **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       jmorris@pszjlaw.com
       gdemo@pszjlaw.com
       hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
       ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*