Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**Attorneys for James Dondero**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**Attorneys for James Dondero, Nancy Dondero, Highland Capital Management Services, Inc. and HCRE Partners, LLC**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Plaintiff. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § § | |
| **Defendants.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **Plaintiff,** | § § | |
| **vs.** | § § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS

James Dondero, NexPoint Advisors, L.P., Highland Capital Management Services, Inc., and HCRE Partners, LLC, the Defendants in the above-captioned and related adversary proceedings, file this *Reply in Support of Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary*

1

*Judgment Against the Alleged Agreement Defendants*, and would respectfully show the Court as follows:

## I.    <u>REPLY POINTS</u>

### A.    Debtor failed to address HCMS' prepayment defense in its Motion for Summary Judgment despite knowing about it and taking discovery related to the defense.

In its Brief in Opposition to Motion to Strike Appendix in Support of Rely Memorandum of Law in Further Support of Motion for Partial Summary Judgment (the "Response"), Debtor suggests that its Klos Declaration was properly included in its summary judgment reply because HCMS' prepayment defense and the assertions supporting it were "made for the first time in the [Summary Judgment] Response." Response at ¶ 20. As explained below, even if this was correct and HCMS' prepayment defense was raised for the first time in its summary judgment response, this would be irrelevant because Fifth Circuit law simply does not allow new evidence to be filed in a summary judgment reply. Debtor, however, is incorrect and this assertion is nothing but a misleading attempt to cover up for the fact that Debtor simply forgot to include any arguments and evidence in its summary judgment motion related to HCMS's prepayment defense.

Initially, Debtor's claim that the prepayment defense was made for the first time in Defendants' summary judgment response is just wrong. On October 28, 2021, counsel for Defendants specifically confirmed to counsel for the Debtor that the defense of prepayment was included as part of the justification defense asserted by the various defendants. October 18, 2021 email from Deborah Deitsch-Perez to John Morris (Declaration of Michael Aigen, Exhibit A (App. 6). HCMS' corporate representative was thereafter questioned at length by counsel for Debtor regarding this defense during a deposition taken on October 29, 2022, two months before Debtor filed its motion for summary judgment and three months before Defendants filed their summary judgment response on January 20, 2022. *See* James Dondero Deposition, pp. 366-370 (Plaintiff's

Appendix in Support of Motion for Partial Summary Judgment in Notes Action ("Debtor's Appx."), 01762-63). Debtor concedes that it questioned the corporate representative on this defense in its Response and admits that HCMS provided testimony on prepayment (without reconciling how it could also take the inconsistent position in its Response that the prepayment defense was raised for the first time in HCMS' summary judgment response).

In other words, Debtor was well aware that HCMS was asserting prepayment as a defense prior to and during the deposition of HCMS' corporate representative and, in fact, questioned the witness on this defense (as Debtor's Response makes clear). Debtor's only specific complaints regarding the supposed inadequacy of the witness' answers are that he did not remember how or when he learned about this defense (which is certainly irrelevant) and that the witness did not memorize exactly when the payments were made that form the basis of the prepayment defense. Response at ¶ 8. What Debtor omits from its Response is that counsel for Debtor was specifically told during the deposition that the spreadsheet identifying the dates of the specific payments was available and that the witness could answer these questions if presented with the spreadsheet, but counsel for Debtor chose not to either provide HCMS' 30(b)(6) witness with the documents containing the relevant details, or for that matter use the materials he brought to the deposition for the express purpose of being able to provide the minutia it would be impractical to memorize. Dondero Deposition at 369:4-13 (Debtor's Appx. 01763) ("MS. DEITSCH-PEREZ: If you want, John, if you would like for him to give you dates, he could probably dig up the spreadsheet and give you dates, but you have it also. MR. MORRIS: Thank you. Okay. I think we're doing just fine here."). In other words, Debtor's complaint is that it did not have all the answers that it wanted related to HCMS' prepayment defense, but Debtor never bothered to ask anyone the questions it wanted answered, provide the witness with the documents that contained the relevant information,

3

or allow the witness to use his own prepared materials. Debtor's failure to follow the rules should not be excused based on its own failure to take adequate discovery.

The simple fact is Debtor forgot to address the prepayment defense or tactically decided to withhold its counter-arguments as it applies to HCMS in its Motion for Summary Judgment. As more detailed in Defendants' summary judgment response, Debtor named HCMS (along with NexPoint) in several headings related to the prepayment defense, but never actually made **any** arguments or raised **any** facts specific to HCMS and not one paragraph in Mr. Klos's original Declaration mentions the HCMS Term Note or the HCMS prepayment defense. Despite including HCMS in the headings along with NexPoint, Debtor only actually argued and presented evidence in its summary judgment related to NexPoint. Rather than admitting it made this mistake and filing a motion for leave to add additional arguments and evidence, Debtor suggests that this omission was intentional and based on HCMS corporate representative failing to identify "any substantive facts" concerning this defense. Response at ¶ 8. If this was the case, Debtor certainly would have said something (anything!) about HCMS and its prepayment defense in its summary judgment motion. It did not. It said nothing. Clearly, this was a tactical decision now regretted or a mistake made by counsel for Plaintiff, which was compounded by its decision to not seek leave to supplement its summary judgment evidence.

As explained below, whether Debtor even knew about the prepayment defense and what details it specifically discovered about this defense are irrelevant to this Motion to Strike. Parties are simply not permitted to submit additional evidence as part of a summary judgment reply. Even if this was permitted, however, it certainly would not be the case here, where Debtor was well aware of HCMS' prepayment defense, failed to ask the corporate representative detailed questions about the defense, failed to show the corporate representative relevant documents or ask about

4

those documents, failed to file a motion for leave, and either hoped to lull HCMS into not addressing all of its defenses or simply forgot to include evidence related to this defense in its motion for summary judgment.

### B.    The cases cited by Debtor in its Response do not allow it to submit new evidence in its Summary Judgment Reply.

Debtor claims that the Northern District of Texas's local rules generally prohibit parties from filing additional materials with a reply brief "***only*** with respect to ***new*** issues, legal arguments, or theories." Response at 6 (emphasis in original). Plaintiff also claims that "[e]vidence is properly attached to a reply to summary judgment [when] it serves to rebut argument and evidence relied on by the nonmovant in their response." *Id*. In support of this proposition, Plaintiff cites to three unpublished cases. However, Plaintiff's claims are not only incorrect, they are contradicted by the cases cited by Plaintiff. Indeed, in *Banda* – cited by Plaintiff as support for this proposition – the court flatly states, "a summary judgment movant 'may not file a reply brief appendix without first obtaining leave of court.'" *Banda v. Owens Corning Corp.*, Civ. No. 3:17-CV-1787-B, 2018 WL 672654, at *3 (N.D. Tex. Dec. 21, 2018) (quoting *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001)). The court also noted that "leave of court is available only in limited circumstances." *Id*. As such, in *Banda*, the issue was not whether the defendant's reply brief was proper; the court specifically said it was not. *See id*. at 4 (referring to defendant's "procedural misstep in not seeking leave"). Rather, the issue was whether the court would grant leave for the defendant to submit an appendix in support of its reply despite the general rule prohibiting it. *Id*. at 3 ("The Court's charge, then, is to determine whether this is one of those limited circumstances" under which the court will grant leave to file an appendix with a reply brief).

Similarly, in *Lynch v. Union Pac. R.R. Co*., No. 3:13-CV-2701-L, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015), the court specifically stated:

> Plaintiff is correct that courts in the Northern District of Texas have held that, under the court's Local Civil Rules, leave must first be obtained to file an appendix in support of a reply to a motion.

The court did not – as represented by Debtor – find that rule does not apply to reply briefs that submit new evidence related to arguments raised in the response. *See also Lawson v. Parker Hannifin Corp*., No. 4:13-CV-923-O, 2014 WL 1158880, at *6 (N.D. Tex. March 20, 2014) ("[T]he Court agrees with Parker Hannifin that the reply appendix filed without leave of court and without a certificate of conference is improper . . . .").

Further, in all three cases, the court granted leave to file a reply appendix based on circumstances not present in this case. In *Banda*, the court pointed out that the materials included in the response were contradicted by the non-movant's prior deposition testimony and evidence. *See Banda*, 2018 WL 672654, at *4. The court noted that 'the Fifth Circuit 'does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.'" *Id*. at *5. However, contrary to Debtor's claim that *Banda* stands for the proposition that the court's local rules do not prohibit filing a reply appendix, the court noted that it reached this conclusion "cautiously and recognize[d] the importance of parties abiding by this District's local rules," and further referred to its conclusion as an "infrequent result." *Id*. at *4.

Similarly, in *Lynch*, the court pointed out that the nonmovant had delayed its summary judgment response to conduct additional discovery, and then had attached that newly obtained discovery to his summary judgment response. As such, the court felt that it was appropriate to allow both parties – and not just the nonmovant – to refer to the newly obtained discovery. *See Lynch*, 2015 WL 6807716, at *1 ("Moreover, the deposition testimony of John Begley relied on by Defendant that Plaintiff seeks to strike was obtained as a result of Plaintiff's request to delay

6

briefing on Defendant's summary judgment to depose Begley and other witnesses, and Plaintiff relies on John Begley's deposition in response to Defendant's summary judgment motion. . . . The circumstances of this case, however, and in particular Plaintiff's request to delay briefing on Defendants' summary judgment motion to conduct discovery that he now relies on in his summary judgment response, justify granting Defendant leave to file its appendix in support of its reply. To conclude otherwise would allow Plaintiff an unfair advantage in using a 'gotcha' procedural approach.").

Finally, in *Murray v. TXU Corp.*, No. Civ. A 303CV088P, 2005 WL 1313412 (N.D. Tex. May 27, 2005), the court "dispense[d] quickly" with a motion to strike a reply brief and supplemental appendix and request to file a sur-reply. *Id*. at *4. However, none of the arguments addressed by the court – and presumably raised by the parties – specifically addressed the propriety of filing a supplemental appendix without seeking leave of court. Rather, the court focused on whether the non-movant would be permitted to file a sur-reply. *See id*. ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage. In this case, Debtor is not challenging any newly-presented legal theories raised by Defendants in their Reply. Plaintiff simply wants an opportunity to continue the argument."). The first two arguments "deal[t] with purported new arguments raised by" the party seeking summary judgment in their reply brief, which were merely claims that the movant in its reply had mischaracterized their arguments. *Id*. The court pointed out that such tactics are "expected" and it did not need to be "coddled" with a sur-reply to recognize when that occurs. *Id*. The third argument was that the reply brief improperly "cit[ed] to caselaw not previously cited by either party," which the court pointed out was not only permissible, but arguments otherwise were "nonsensical." *Id*. The final argument was that the reply brief "surreptitiously excluded portions

of Plaintiff's deposition;" however, the court pointed out that parties "routine[ly]" attach only excerpts from depositions, just as was done in the summary judgment response brief. *Id*. at 5. As such, the court never addressed the propriety of filing a supplemental appendix with a reply brief without first obtaining leave of court. It is possible that the parties agreed in *Murray* that the filing of a reply appendix was appropriate under circumstances not mentioned or that the court granted leave for the filing of a reply appendix in that case. However, the court never said that a reply appendix can be properly filed without leave of court, especially under circumstances similar to those before the Court here.

Debtor's attempts to distinguish the cases cited in the Motion to Strike are similarly unavailing. Debtor attempts to distinguish the cases cited in the Motion to Strike by pointing to minor differences in the facts of those cases. However, Debtor is unable to draw any distinction between the law applicable to those cases and the law applicable here.

For example, Debtor points out that the court in *Home Depot U.S.A. Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-CV-0073-D, 2007 WL 1969752 (N.D. Tex. June 27, 2007), felt the need to distinguish between Local Rule 56.2 – which prohibits parties from filing more than one summary judgment motion – and Rule 56.7 – which prohibits parties from filing supplemental materials in support of a motion for summary judgment. Response at ¶ 21. While this is true, it is also irrelevant. The purpose and effect of Rule 56.7 remain the same, regardless of whether it is compared to Rule 56.2. Indeed, Debtor fails to identify any manner in which the law summarized by the *Home Depot* Court is inaccurate. Moreover, Debtor has not sought leave to file its supplemental appendix under either Rule 56.2 or 56.7, and as such, it is improper.

Debtor also claims that the Fifth Circuit's opinion in *Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440 (5th Cir. 1990) and the Northern District of Texas's ruling in *Hyde v. Hoffman-La*

*Roche Inc.*, No. 3:04-CV-1473-B, 2008 WL 2923818 (N.D. Tex. July 30, 2008) are "irrelevant" because Debtor does not seek to submit evidence after summary judgment has been fully briefed or after a ruling. Response at ¶ 22. However, that argument is itself irrelevant. Debtor's submission of additional exhibits in support of its reply brief is not improper because briefing had been completed, the Court has ruled, or because Debtor seeks a continuance. It is improper because the Court's rules prohibit submission of additional exhibits in support of a summary judgment reply for the reasons stated in those cases. Debtor is again unable to point out any manner in which either case inaccurately stated the important policy reasons for the Northern District of Texas's rules. As such, Debtor's violation of those rules undermines those policies.

Perhaps most revealing, Debtor claims that *Spring Indus., Inc. v. Amer. Motorist Ins. Co*., 137 F.R.D. 238 (N.D. Tex. 1991) does not support the Motion to Strike. However, Debtor quotes that case as stating that "the purpose of replies 'is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion. The document is to contain argument, ***not new supporting materials***." Response at ¶ 24 (emphasis added). Despite this clear statement, Debtor still claims that the "reply brief was permitted without leave of court" because the reply appendix was not submitted "for the purpose of adding evidentiary support for [the] motion, but rather to directly rebut assertions raised for the first time in Defendant's Response." As described above, this argument is factually incorrect, insofar as HCMS raised the prepayment defense well before filing their summary judgment response. Plus, this argument is a distinction without difference. If Debtor merely intended to "rebut" those arguments, it could have permissibly done so in its brief without filing additional evidentiary materials. Furthermore, as quoted by Debtor in its response, the rule prohibits submitting "new supporting materials" with a reply brief, regardless of their purpose.

9

Debtor also argues that *Racetrac Petr. Inc. v. JJ's Fast Stop, Inc*., No. Civ. A 3:01-CV-1397, 2003 WL 251318 (N.D. Tex. Feb. 3, 2003) and *Dethrow v. Parkland Health Hosp. Sys*., 204 F.R.D. 102 (N.D. Tex. 2001) are inapplicable because "there was no indication whether such evidence was submitted for the specific purpose of rebutting new arguments raised for the first time in the defendant's response." Response at ¶ 25. However, the courts' failure to comment on that issue rebuts Debtor's argument. If the rule prohibits only new evidence to support old arguments, then one would expect that issue to be mentioned either by the rule or the courts applying it. The fact that the courts did not address that issue demonstrates that court's rule prohibits exactly what it says: all evidence submitted in support of a summary judgment reply.

In short, the law on this point is clear. Debtor was required to seek leave of court before filing an appendix with its reply brief (and, in fact, should have conferred with Defendants prior to seeking leave of court). Debtor failed to do so. Debtor's attempts to avoid the applicable law by creating an exception – mentioned neither in the rule itself, nor in court decisions applying the rule – demonstrate that Debtor either willfully ignored the rule in the hope of obtaining an unfair advantage or simply hopes that the Court will not be aware of its own rules. In either case, the Court should not permit Debtor to do so, and should strike the evidence submitted with Debtor's reply brief.

## II.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court grant their Motion and that the Court strike Plaintiff's Supplemental Appendix, including the Klos Declaration.

Dated: April 1, 2022

Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
ATTORNEYS FOR JAMES DONDERO, NANCY
DONDERO, HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC. AND NEXPOINT REAL ESTATE
PARTNERS, LLC

*/s/Clay M. Taylor*
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
ATTORNEYS FOR JAMES DONDERO

*/s/Davor Rukavina*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND
HIGHLAND CAPITAL MANAGEMENT FUND
ADVISORS, L.P.

11

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on April 1, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for Plaintiff Highland Capital Management, L.P. and on all other parties requesting or consenting to such service in this case.

/s/Deborah Deitsch-Perez
Deborah Deitsch-Perez

12